## UNITED STATES *v.* SEIDENBERG and others.[1]

*(Circuit Court, S. D Florida. May, 1883.)*

**1. CUSTOMS DUTIES—RELIQUIDATION.**
A reweighing of goods made by the collector and the regular weighers, at which a difference from the original weights in favor of the government was found, but of which no notice or order was given, and no record made, was not a reliquidation of the duties on said goods. See article 361 of the Treasury Regulations.

**2. SAME—SECTION 21 OF ACT OF JUNE 22, 1874, (18 ST. 190,)—REV. ST. §§ 2785–2790.**
The entry alluded to in section 21 of the act of congress approved twenty-second June, 1874, (18 St. 190,) is the original entry provided for, regulated, and defined by sections 2785 to 2790, inclusive, of the Revised Statutes.

On Writ of Error.

This was an action of debt in the district court, on five warehouse bonds, for the balance of duties alleged to be due the United States on tobacco imported by defendants. On two of the bonds there is no contest.

(1) On the eighth of October, 1877, 589 bales of tobacco were imported and entered for warehouse, the tobacco weighed, and bond No. 399 executed. Withdrawals of bales of tobacco covered by this bond were made in October, November, December, 1877; January, February, March, June, and July, 1878; and the duties paid on each with-

---

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

drawal according to weights ascertained October 8, 1877, the date of bond.

(2) On the twentieth of October, 1877, 184 bales were imported and entered for warehouse, and on the twenty-seventh of October, 1877, the tobacco was weighed and bond 402 executed. Withdrawals were made in October and November, 1877, and January, February, March, May, June, July, October, and December, 1878, and the duties paid on each withdrawal, according to weights, October 22, 1877.

(3) On the twenty-ninth of October, 1877, 71 bales of tobacco were imported and entered for warehouse, the tobacco was weighed, bond 403 executed, withdrawals were made October and November, 1877, January, March, May, June, and July, 1878, and the duties paid on each withdrawal according to weights ascertained October 29, 1877.

On the fourth day of May, 1878, there being in the bonded warehouse 34 bales covered by bond 399, 24 bales covered by bond 402, and 16 bales covered by bond 403, certain inspectors, the collector of customs, and the regular weighers, reweighed 19 bales—10 of 399, 3 of 402, and 6 of 403—of this tobacco, and found there was a difference in favor of the government, and estimated that on the whole of the tobacco covered by three bonds, between the tare originally allowed (at the date of entry for warehouse) and that found on reweighing, May 4, 1878, there was a difference of 1,812 pounds in favor of the government, the duties on which amounted to $634.20. No record was made. Subsequently the remainder of the tobacco was all withdrawn, and the duties paid according to first weights, and the collector made no demand for the additional duties until a reliquidation was ordered by the secretary of the treasury, January 9, 1879, and on the twelfth of April, 1879, this suit was brought to recover the amount claimed.

The defendants pleaded payment of duties on original weights and delivery, and that no demand had been made for additional duties within one year from the date of entry.

On the trial of the case the following charges to the jury were requested:

(1) If the jury find from the evidence that if, at the time the balance of duties was found to be due the United States as alleged, all the merchandise covered by the bonds sued on had not been delivered to the agent, owner, or consignee, and all the duties had not been paid, they must find for the plaintiff; (2) that if the collector failed to properly enter up the duties, as found due May 4, 1878, the plaintiff should not be prejudiced thereby, for the government is not responsible for the laches of its officers; (3) that if the jury find from the evidence that the amounts claimed have not been paid, they must find for the plaintiff in the full amount claimed on each bond, with interest at 6 per cent. from May 4, 1878.

Which said instructions were refused by the court, and the following instruction was given:

"The only question is whether one year had elapsed from the date of entry contemplated by section 21, act of June 22, 1874, and the time of the

final determination or liquidation of duties upon which this suit is brought; and if whether, within that year, all the goods entered under bonds 399, 402, and 403 had been delivered to the importer, and the duties determined within that year had been paid.

"I instruct you that the dates of the entries contemplated in this case were the dates of original entry for warehousing, and the date of such subsequent liquidation, upon which this suit is brought, was the date of reliquidation by the collector, January 16, 1879. The time elapsing had been more than a year, and the goods had all been delivered, and the duties determined at that time paid.

"You will, therefore, not find for the plaintiff on the first three bonds; but as to the amounts due on the other two bonds; viz., 422 and 424, there has been no contest. You are, therefore, instructed to find for the plaintiff in the amount of $477.05, claimed to be due on bonds 422 and 424, with interest at 6 per cent. per annum from January 16, 1879."

To which refusals to instruct, and to the instruction as given, exceptions were taken, and the case comes up on the correctness of the court's rulings.

*G. B. Patterson,* U. S. Atty., for plaintiff in error.

*Bethel & Allen,* for defendants in error.

PARDEE, C. J. Two questions are presented for answer:

(1) Was the reweighing of the tobacco, (remaining in the warehouse under the three bonds,) of date May 4, 1878, a reliquidation of the duties on the whole importation? (2) In this case, when did the year of limitation provided by section 21 of the act of congress, approved June 22, 1874, begin to run?

1. The proceedings on the fourth of May, 1878, amounted to no more than an investigation. There was no notice, no order, no record. See Treas. Reg. art. 361. The government was not bound by it, the collector did not act upon it, and that such proceedings were had is now shown, not by the collector's books, but by his personal recollection. On the back of each bond a reliquidation is indorsed, but that is of date January 16, 1879, and there is no reference there to May 4, 1878.

That the collector did not consider it a reliquidation appears conclusively from the fact that he made no record, as required by the treasury regulations, and he permitted the remaining goods to be withdrawn on the payment of duties as fixed by the original liquidation.

That the treasury department considered it nothing more than an investigation, appears from the order of January 7, 1878, directing a reliquidation.

So far as a liquidation is determined by the law, it is the decision by the collector of the amount of duties, charges, and exactions required to be paid on the merchandise. See Rev. St. §§ 2931, 2932.

As shown by the record, the collector made no such decision in this case on May 4, 1878, nor at any time subsequent to the original liquidation, until January 16, 1879.

2. Section 21 of the act of congress approved June 22, 1874, (18 St. at Large, 190,) reads:

"That whenever any goods, wares, and merchandise shall have been entered and passed free of duty, and whenever duties upon any imported goods, wares, and merchandise shall have been liquidated and paid, and such goods, wares, and merchandise shall have been delivered to the owner, importer, agent, or consignee, such entry and passage free of duty, and such settlement of duties, shall, after the expiration of one year from *the time of entry,* in the absence of fraud, and in the absence of protest by the owner, importer, agent, or consignee, be final and conclusive upon all parties."

What *entry* is intended in the foregoing section? An examination of all the statutes in relation to the importation, warehousing, appraising of, and the collection of, duties upon goods, wares, and merchandise shows only one entry required or referred to. That entry is the original entry provided for, regulated, and defined by sections 2785 to 2790, inclusive, of the Revised Statutes. That entry is undoubtedly the one referred to in the section aforesaid. A construction of all the statutes on the subject, or of the particular section, points conclusively to such an entry as being the one from which the year's limitation provided shall commence to run. No other entry can be found as referred to, unless we go outside of the statutes.

The treasury regulations speak of entries for warehouse, entries for withdrawal, and other entries, and Mr. Justice STRONG, in *Westray* v. *U. S.* 18 Wall. 322, speaks of "entry for warehouse" and "withdrawal entry." The entry for warehouse is the original entry, but the term "entry for withdrawal" is a misnomer. There may be an application for permission to withdraw goods already entered, which is called in the treasury regulations the "entry for withdrawal," which has certain requisites as to form, and it may be for withdrawal, for consumption, transportation in bond, or exportation; but certainly no such application can be the *entry* meant in the statute. And I see no good reason for arguing that any other than the original entry of goods was intended by the law.

A full year, in the absence of fraud or protest, is given to ascertain the amount of duties. The time is ample, the opportunities are ample, for the government has possession of all goods in warehouse, and if the government is to be limited at all in the time within which duties may be reliquidated, the term allowed by the statute from the original entry is sufficient. But be that as it may, if the intention was to allow the government to reliquidate at any time while any of the goods remained in the warehouse, and for one year thereafter, congress should have so enacted; but, as I read the statute, the time allowed is only one year from the date of the original entry.

It is, therefore, my decision that there was no error in the charges and refusal to charge of the court on the trial of the case in the court below, and that the jury were properly directed.

The judgment of the lower court will, therefore, be affirmed.