## BEARD *v.* PORTER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF MASSACHUSETTS.

Argued January 19, 1888. — Decided January 30, 1888.

Merchandise was delivered to its importer after he had paid the duties on
it as first liquidated. Within a year after the entry, the local appraiser
made a reappraisal and a second report, from which the importer ap-
pealed, within such year. The board of reappraisement met after the
year; the importer was present; the merchandise was not reappraised
because it could not be found, and it was not examined; and the fees of
the merchant appraiser were paid by the importer. The second report
of the local appraiser increased the values of the goods from the invoice
values, disallowed a discount which appeared on the invoice, and changed
the rate of duty on some of the merchandise. The collector, after the
expiration of the year, made a new liquidation, by disallowing the dis-
count and changing the rate of duty, as suggested by the local appraiser:
*Held*, that, under § 21 of the act of June 22, 1874 (18 Stat. 190) the first
liquidation of duties was final and conclusive against the United States,
as it did not appear that the second liquidation was based on any increase
of the value of the merchandise, or that the disallowance of the discount
and the change of the rate of duty depended on such increase, or were
involved in any proper action of the local appraiser in appraising the
merchandise, or were matters which could not have been finally acted
upon by the collector at any time within a year from the entry as well
as at any other time, and without any reference to any increase in the
appraised values of the goods.

Whether the taking of steps by the collector for a reappraisement by a
local appraiser, within a year from the time of the entry, in a case where
the question of reliquidation depends strictly upon a reappraisement of
the value of the merchandise will have the effect to make the reliquida-
tion valid, under § 21, although that is made after the expiration of the
year, *quære.*

The "protest" referred to in § 21 is a protest against the prior "settlement
of duties" which the section proposes to declare to be final after the
expiration of the year.

It is not necessary that the plaintiff should show by his declaration that he
has brought the suit within the time limited by § 2931 of the Revised
Statutes, although that must appear, as a condition precedent to his
recovery.

THIS was an action against a collector to recover an excess
of duties paid on imported goods. Judgment for plaintiff, to

review which defendant sued out this writ of error. The case is stated in the opinion of the court.

*Mr. Solicitor General* for plaintiff in error.

*Mr. C<sup> </sup>arles Levi Woodbury* for defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action brought in the Circuit Court of the United States for the District of Massachusetts, by the members of the copartnership firm of Cushing, Porter & Cades, against Alanson W. Beard, collector of customs, to recover the sum of $3228.10, with interest, as an excess of duties paid under protest on the importation of certain merchandise into the port of Boston, in May, June, July, August, and September, 1878.

The question involved arises on the fourth count of the declaration, which is in these words:

" And the plaintiffs further say, that, on the several respective dates, and by the vessels, named in the account annexed to the first count of said declaration, they imported and entered at the custom-house in said Boston, the goods described in the several items of said account annexed, and the defendant duly liquidated the duties on said goods, and the plaintiffs paid the same, and the said defendant then and there delivered to the plaintiffs all of the said goods.

" And the plaintiffs say, that, long afterwards, and after the lapse of more than one year from said respective dates of entry, the defendant made a new liquidation and settlement of duties upon said goods entered as aforesaid, and demanded of the plaintiffs the full sum of three thousand thirty dollars and five cents, as additional duties upon said goods so entered as aforesaid. And the plaintiffs say, that they protested against such second liquidation and settlement of duties, and protested against the payment of said sum, and alleged in said protest, and now allege, that said second liquidation was made after the payment of the duties as first ascertained, and after the goods had been delivered to the plaintiffs, and more than one year after said several dates of entry, and the same was and is

illegal and void. Plaintiffs appealed to the Secretary of the Treasury, who decided thereon, affirming the action of the defendant.

"And the plaintiffs further say, that they denied, by said protest and appeal, the right of the government and of this defendant to make such second liquidation and demand, and, doubts having arisen as to the right of the plaintiffs to recover back the same if paid, should the defendant contest the same upon the ground that such payment was voluntary, the plaintiffs, by their attorney, addressed a letter to the Secretary of the Treasury of the United States, a copy of which is hereto annexed, marked A, and received in reply thereto a letter from said Secretary, a copy of which is hereto annexed, marked B, and said Secretary also addressed a letter to the United States attorney for said district, a copy whereof is hereto annexed, marked C, which was exhibited to the plaintiffs' attorney before the payment by the plaintiffs to defendant of the sum demanded upon said second liquidation. And the plaintiffs say, that, relying upon the said agreement and assurance of the Secretary of the Treasury, that the question of voluntary payment should not be raised or set up in any manner as a defence to a suit by the plaintiffs to recover back said sum, the plaintiffs were induced to and did pay the said defendant, under protest and appeal, the said sum of three thousand thirty dollars and five cents ($3030.05) illegally ascertained and demanded as aforesaid, the same being the full sum demanded by the defendant, and the defendant now owes the plaintiffs the said sum, with interest thereon."

The defendant answered the fourth count as follows:

"And now comes the defendant, and for answer to the fourth count of the plaintiffs' declaration, as amended, says:

"That, after the first liquidation, as set forth in said fourth count, and within one year from the time of the entries therein described, the defendant caused said invoices to be sent to a United States local appraiser for reappraisal; that said appraiser, within a year from the date of said entries, made a new report thereon; that the plaintiffs, upon notice of this report, and within one year from the date of the entries,

except by the Parthia of May 6th, 1878, and one day after the expiration of the year in case of the entry by said Parthia, appealed from said report, and requested a reappraisement according to law, a copy of which request is hereto annexed; that a merchant appraiser was thereafter appointed by the defendant to act with the general appraiser in the appraisal of the merchandise described in said entries, within one year from the date of entry, except in case of the said Parthia, in which it was after the expiration of the year; that said board of-appraisal held many meetings at which the plaintiffs were present personally and by counsel, said meetings being after the expiration of one year from the date of said entries; that, as to the goods in controversy, said board reported that they did not reappraise them, for the reason that they could not be found and were not examined by them; that the fees of the merchant appraiser were paid by the plaintiff; that at no time before the final liquidation did the plaintiffs claim that the first liquidation was final and conclusive, or object to the second liquidation or to the reappraisal by the local appraiser, otherwise than by their appeal therefrom as aforesaid, or by the board of reappraisement, or to the power of the defendant to order a reappraisal, though well knowing the facts above set forth; that the second report aforesaid of the local appraiser increased the values of said goods from the invoice values, disallowed a discount of twelve and one-half per centum, which appeared on the invoices, and changed the rate of some of the merchandise; that the second liquidation, the subject of this suit, was made by the defendant by the disallowance of said discount and by changing the rate of duty, as suggested by the local appraiser as aforesaid."

The plaintiffs filed a demurrer to the answer to the fourth count of the declaration, setting forth that such answer was not sufficient in law, and that the defendant had set out no sufficient grounds to avoid the final and conclusive effect upon all parties thereto of the first liquidation made by the collector of the several entries in the case. The court sustained the demurrer, and ordered that judgment be entered for the plaintiffs for an amount to be found by an assessor. The assessor

reported in favor of the plaintiffs for $3228.10, and a judgment was entered in their favor, on April 12, 1884, for that amount, with interest from the date of the writ. The defendant has brought a writ of error to review this judgment.

The question involved in this case arises on § 21 of the act of June 22, 1874, 18 Stat. 190, which provides, "that, whenever any goods, wares, and merchandise shall have been entered and passed free of duty, and whenever duties upon any imported goods, wares, and merchandise shall have been liquidated and paid, and such goods, wares, and merchandise shall have been delivered to the owner, importer, agent, or consignee, such entry and passage free of duty and such settlement of duties shall, after the expiration of one year from the time of entry, in the absence of fraud, and in the absence of protest by the owner, importer, agent, or consignee, be final and conclusive upon all parties."

The claim on the part of the defendant is, that, inasmuch as the collector, within one year from the time of the entries mentioned in the fourth count, caused the invoices to be sent to a local appraiser for a reappraisal, and the appraiser within such year made a new report thereon, such reappraisement was the first step in the continuous legal proceeding which terminated in the decision of the Secretary of the Treasury mentioned in the fourth count; that the plaintiffs applied for a reappraisement, which application was made within one year from the date of the entries, except as to one entry; that the contest thus begun was continued by the plaintiffs after the expiration of the one year, until the collector made the second liquidation; that the plaintiffs paid the fees of the merchant appraiser, and did not, prior to the making of the final liquidation, claim that the first liquidation was conclusive; and that the plaintiffs, by such proceedings, waived the objection now taken by them to the final liquidation. That objection is, that the final liquidation was made after the expiration of one year from the time of entry, and that, therefore, under § 21 of the act of 1874, the first liquidation and the payment of the duties thereunder was a settlement of duties, which was final and conclusive upon all parties.

We are of opinion that the settlement of duties in the present case was conclusive upon the United States. We do not find it necessary to decide whether the taking of steps by the collector for a reappraisement by a local appraiser, within a year from the time of the entry, in a case where the question of reliquidation depends strictly upon a reappraisement of the value of the merchandise, will have the effect, as contended by the defendant, to make the reliquidation valid, although that is made after the expiration of one year from the time of the entry; because it appears, by the answer to the fourth count in the present case, that, although the second report of the local appraiser increased the values of the goods from the invoice values, and also disallowed a discount of 12½ per cent, which appeared upon the invoices, and changed the rate of some of the merchandise, the second liquidation, which is the subject of this suit, was made by the defendant solely by disallowing such discount and by changing the rate of duty. It does not appear that such second liquidation was based at all upon any increase of the values of the goods from the invoice values; or that such disallowance of the discount and such change of the rate of duty were matters which depended upon any increase in the appraised values of the goods, or were matters at all involved in any proper action of the local appraiser in appraising the goods, or were matters which could not have been finally acted upon by the collector at any time within a year from the date of the original entry as well as at any other time, and without reference to any increase in the appraised values of the goods. There is no allegation that there was any fraud in the case.

It is suggested on the part of the defendant, that the settlement of duties spoken of in § 21 of the act is made final and conclusive upon all parties only in the absence of protest by the owner or importer, and that in this case a protest was filed. But the protest referred to in § 21 is, manifestly, a protest against the prior liquidation or settlement of duties which the section proposes to declare to be final and conclusive after the expiration of one year from the time of entry. No protest against that liquidation had been made.

It is also contended on the part of the defendant, that, as this suit was brought on the 21st of April, 1882, and it is not stated in the fourth count of the declaration at what date the decision of the Secretary of the Treasury on the appeal was made, and as § 2931 of the Revised Statutes provides that the decision of the Secretary on the appeal shall be final and conclusive, unless suit shall be brought within ninety days after such decision, the plaintiffs should have alleged in the count that they had brought the suit within the time prescribed by the statute; and that this .defect in the count can be availed of by the defendant on the demurrer of the plaintiffs to the answer to the count.

It is true that this court decided, in *Arnson* v. *Murphy*, 115 U. S. 579, following the decision in the same case in 109 U. S. 238, that, where an action is brought under § 3011, to recover back an excess of duties paid under protest,: the plaintiff must, under § 2931, as a condition precedent to his recovery, show not only due protest and appeal to the Secretary of the Treasury, but also that the action was brought within the time required by the statute. It was also held in the case in 115 U. S., that the conditions imposed by § 2931 were not matters a failure to comply with which must be pleaded by the defendant as a statute of limitations, inasmuch as the right of action did not exist independently of the statute, but was conferred by it. This ruling was made on the authority of the case of *Cheatham* v. *United States*, 92 U. S. 85. But, while the plaintiff must, in order to recover in the suit, show, in a proper case, that he has brought the suit within the time limited by § 2931, we do not regard it as indispensable that the declaration should state the fact, inasmuch as it is provided, in § 3012, that no suit shall be "maintained" for the recovery of duties alleged to have been erroneously or illegally exacted by a collector of customs, unless the plaintiff shall, within thirty days after due notice of the appearance of the defendant, serve a bill of particulars of the plaintiff's demand, giving, among other items, the date of the appeal to the Secretary of the Treasury and the date of his decision, if any, on such appeal. This requirement seems to make it unnecessary to state

substantially the same thing in the declaration. Nothing appears in the record in this case from which it can be inferred that the suit was not brought within the prescribed time; and, in view of the fact that the taking of the appeal to the Secretary of the Treasury and the rendering of his decision thereon affirming the action of the collector are set forth in the fourth count of the declaration, it must be inferred that it was conceded that the suit was brought within the prescribed time.

It is proper to state that the United States waived in this case all claim that the plaintiffs voluntarily made the payment of the duties sought to be recovered.

*The judgment of the Circuit Court is affirmed.*