MOSLE et al. v. BIDWELL.

(Circuit Court, S. D. New York. December 2, 1902.)

**1. CUSTOMS DUTIES—TIME OF ACCRUAL—IMPORTED GOODS—DEPOSIT IN BONDED WAREHOUSES—EFFECT.**

> Customs Administrative Act, § 20 [U. S. Comp. St. 1901, p. 1950], provides that any merchandise deposited in bonded warehouses, may be withdrawn for consumption within three years from importation, on payment of the duties and charges "to which it may be subject by law at the time of such withdrawal." *Held* that, in the absence of a statute releasing them, the duties payable at the time of withdrawal were such as accrued at the time of importation, and hence the fact that after importation from Porto Rico, but before withdrawal from the bonded warehouse, Porto Rico had become United States territory, would not relieve the importer from liability for customs duties.

Henry C. Platt, Asst. U. S. Atty., for the demurrer.
A. Henry Mosle, opposed.

WALLACE, Circuit Judge. The demurrer to the complaint presents the question whether, under section 20 of the customs administrative act (act of June 10, 1890, as amended October 1, 1890 [U. S. Comp. St. 1901, p. 1950] ), the collector of the port of New York was justified in requiring payment of duties upon imported merchandise at the rate and amount to which the goods were subject at the time of their importation and deposit in the bonded warehouse, or whether he was justified only in requiring payment of such duties as they would have been subject to if imported at the date of their withdrawal for consumption. The goods consisted of sugars imported from Porto Rico. They were imported and entered for warehouse and bonded April 4, 1899. The collector liquidated the duties thereon at $1,442.24, and it is to be assumed, in the absence of averments to the contrary, that at that time the goods were subject to duty in that amount. Subsequently, and May 6, 1899, they were withdrawn for consumption, and the collector required payment of the duties as liquidated. The complaint avers they were not subject or liable to any duty at that date, because they were not imported from a foreign country into the United States, within the meaning of any valid statute or executive order of the United States. It is conceded by counsel that this averment means that before the sugars were withdrawn for consumption, the treaty of peace between the United States and Spain having been ratified, the sugars, being importations of Porto Rico, were not dutiable, because Porto Rico was no longer a foreign country, within the meaning of the tariff acts, according to the decisions of the supreme court of the United States.

Section 20 of the customs administrative act [U. S. Comp. St. 1901, p. 1950] provides as follows:

"That any merchandise deposited in bond in any public or private warehouse may be withdrawn for consumption within three years from the date on which they were originally imported, on payment of the duties and charges to which it may be subject by law at the time of such withdrawal."

¶ 1. See Customs Duties, vol. 15, Cent. Dig. § 8.

It is not disputed that the goods were subject to duty in the amount exacted of the plaintiffs when they were deposited in bond. Being then subject to these duties, they remained so, in the absence of any treaty or statute of congress relieving them from duty. No such treaty or statute is invoked, but the argument is that the section means to allow the withdrawal of dutiable goods upon the payment of such duties as they would have been subject to if they had been imported at the time of the withdrawal. The language of the section does not require such a construction. It requires payment of the duties to which the goods are lawfully subject at the time of withdrawal. This means the duties which have become an accrued liability. Duties accrue at the date of the importation and entry of merchandise, and on that date a lien attaches to the goods and a debt for the amount accrues from the importer to the government. Warehousing is a privilege given by the statutes to which the section relates, by which, in lieu of compelling the importer to make immediate payment of his debt, he is permitted to postpone payment until he withdraws the merchandise from the warehouse for consumption. The privilege is not conferred in order that he may thereby escape by some contingency the payment of his debt. It does not contemplate giving him an advantage in that regard over other importers who pay their duties upon the entry of their goods.

Warehoused goods on withdrawal for consumption pay duties at the same rate and amount as provided by law when imported and entered, unless there is some provision of the existing tariff laws, or in subsequent legislation by congress, providing for the payment of a different rate or amount, and applicable to the goods in warehouse. The United States have never been devested of their right to the duties which accrued when the goods were imported and warehoused, because neither the treaty of peace, by any of its provisions, nor any statute passed subsequently to the one imposing the duty, has impaired or affected that right.

None of the decisions of the supreme court cited for the plaintiffs conflict with the conclusions thus reached. The observations in the opinions are to be read as addressed to the facts of the particular case under consideration by the court, and, so read, contain nothing to sanction the argument for the plaintiffs.

Judgment is ordered for the defendant.