CASSEL v. UNITED STATES.

(Circuit Court, S. D. New York. January 30, 1906.)

No. 3,969.

1. CUSTOMS DUTIES—FINALITY OF LIQUIDATION—"ENTRY."

In construing Act June 22, 1874, c. 391, § 21, 18 Stat. 190 [U. S. Comp. St. 1901, p. 1986], which provides that the "settlement of duties shall. after the expiration of one year from the time of entry, * * * be final and conclusive," *held*, that the "entry" referred to does not mean the entire transaction leading up to the liquidation, but the act of the importer in presenting to the collector the document known as an "entry."

2. SAME—RELIQUIDATION—PENDENCY OF PROTEST.

Act June 22, 1874, c. 391, § 21, 18 Stat. 190 [U. S. Comp. St. 1901, p. 1986], provides that, in the absence of protest, an entry may not be reliquidated more than one year after entry. *Held*, that the presence of a protest relating to a portion of an importation does not give the collector the right to reliquidate as to another portion to which the protest does not relate.

On Application for Review of a Decision of. the Board of United States General Appraisers.

The decision below is reported as G. A. 5,962 (T. D. 26,147), and affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by F. C. Cassel.

Comstock & Washburn (Albert H. Washburn, of counsel), for the importer.

Henry A. Wise, Asst. U. S. Atty.

HAZEL, District Judge. This appeal from the decision of the Board of General Appraisers is sought to be sustained on the ground that the increased duty assessed by the collector upon the merchandise specified in the protest was owing to a reliquidated entry made more than one year after the original entry. Section 21 of the act of June 22, 1874, c. 391, 18 Stat. 190 [U. S. Comp. St. 1901, p. 1986], provides:

"That whenever any goods, wares, and merchandise shall have been entered and passed free of duty and whenever duties upon any imported goods, wares, and merchandise shall have been liquidated and paid, and such goods, wares, and merchandise shall have been delivered to the owner, importer, agent or consignee, such entry and passage free of duty and such settlement of duties shall, after the expiration of one year from the time of entry in the absence of fraud and in the absence of protest by the owner, importer, agent, or consignee, be final and conclusive upon all parties."

The principal contention seemingly arises over the question whether certain protests filed with the collector by the importer were lodged against the merchandise upon which there was a reliquidation. On October 24, 1903, the importer protested against the reliquidation, on the ground that the entry was more than one year old and had previously been liquidated and the duties paid, and the merchandise delivered to the importer. There were two protests filed challenging the original liquidation, which were not sent to the Board of General Appraisers, nor were they acted upon by the collector until later. On

October 14, 1903, the collector sustained the first protest and reliquidated the entry on the other, which specified articles consisting of toys. Instead of reducing the duties upon the latter, against which there was no protest, the reliquidation increased them.

It is now contended by the government, as I understand the point, that, as a protest had previously been filed to the liquidation of some of the goods, the collector acted within his right in reliquidating the entry as to the other goods entered, even though more than a year had elapsed from the time of entry. The Board, in construing section 21 of the act of 1874, held that the word "entry" related to the various transactions leading up to the liquidation; that "the entire transaction by which the importer obtains entrance of his goods into the body of the merchandise of the United States" must be given effect. This interpretation of the word "entry," however, is not in harmony with the decisions construing that term. It is practically admitted by counsel for the government that the legal conclusions of the Board are erroneous. The government contends that the year within which the collector can, under the statute, reliquidate the entry, begins at the time the importer presents the entry to the collector, and not from the original liquidation of the duty. This view, apparently, finds support in the following cases: United States v. Frazer, 10 Ben. 347, Fed. Cas. No. 15,-161; United States v. Seidenberg (C. C.) 17 Fed. 227; United States v. Legg, 105 Fed. 930, 45 C. C. A. 134; Mosle v. Bidwell (C. C.) 119 Fed. 480; United States v. Leng (D. C.) 18 Fed. 15; Beard v. Porter, 124 U. S. 437, 8 Sup. Ct. 556, 31 L. Ed. 492; Gandolfi v. United States, 74 Fed. 549, 20 C. C. A. 652. These adjudications firmly settle the point under consideration, namely, that the usual meaning attached to the word "entries" has reference to the documents to which the statutes in pari materia refer, and which they designate as entries. United States v. Legg, supra. Coming now again to the question of the original protests which were filed by the importer, the position of the government is that, as final action had not been taken thereon, they were still effectual for the purpose of reliquidation, although more than one year had elapsed since making the entry. The importer insists that none of the protests mentioned were directed to the items specified as "artificial fruits," and yet the collector singled out such items and assessed them at a higher rate of duty, although there was no dissatisfaction with the original liquidation. The original protests are not included in the record, and therefore I accept the facts as contended by the importer. The collector, in my opinion, was not justified in reliquidating the particular entry in question. In other words, the filing of a protest which has remained unacted upon by the collector for more than one year does not authorize a readjustment of the duties in the absence of fraud, where there has been a liquidation upon some of the merchandise not covered by the protest, though included in the entry. As the protests that were pending at the time of the reliquidation did not cover the merchandise reliquidated, I am constrained to hold that such action by the collector was a violation of the statute and should be overruled.

The decision of the Board is reversed.