### LOUISVILLE PILLOW CO. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. March 6, 1906.)

No. 1,429.

1. CUSTOMS DUTIES—RELIQUIDATION AT INCREASED RATE—LEGALITY.

By virtue of Act June 22, 1874, c. 391, § 21, 18 Stat. 190 [U. S. Comp. St. 1901, p. 1986], providing that, whenever duties shall have been liquidated and paid on imported goods, and the goods delivered to the importers, such settlement of duties shall, after the expiration of one year from the time of entry, be conclusive upon all parties, *held*, that, within one year after entry, the duties may be reliquidated at a higher rate, though they may have been paid and the merchandise have been withdrawn for consumption.

2. SAME—RELIQUIDATION—PROTEST—ORIGINAL LIQUIDATION SUPERSEDED.

A reliquidation has all the validity of the original liquidation, and, when made, becomes the liquidation in lieu of the original, and must be treated as such, under Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], providing that protests against the assessment of duty must be filed within 10 days after "liquidation."

3. SAME—ACTION FOR DUTIES—DEFENSE—FINALITY OF ASSESSMENT.

In an action by a collector of customs against an importer for a balance of duties found due on reliquidation of an entry, *held*, that the importer may not defend on the ground that the assessment was incorrect, because Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], provides that the decision of the collector shall be final and conclusive against the importer, unless reviewed by the Board of General Appraisers. The importer may seek his remedy for erroneous assessment only through the method prescribed in said section, which requires that the duties shall be paid under protest and the matter brought before the Board of General Appraisers for decision.

In Error to the District Court of the United States for the Western District of Kentucky.

There was no opinion below. Compare U. S. v. Tiffany (C. C.) 137 Fed. 971.

W. M. Smith, for importers.

H. M. Thatcher, Asst. U. S. Atty.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. On February 25, 1903, the plaintiff in error, the Louisville Pillow Company, having imported into the United States 30 bales of feathers, of the invoice value of $1,714, entered the same at the port of Louisville for consumption, as "undressed" feathers, dutiable under paragraph 425 of the act of July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 91 [U. S. Comp. St. 1901, p. 1675], at 15 per centum ad valorem. The feathers were classified as entered, the duties, liquidated at $257.10, were paid, and they were withdrawn for consumption. Afterwards, on March 13, 1903, the surveyor, acting as collector, having ascertained by examination that the feathers were not "undressed," as entered, reclassified them as feathers "manufactured or advanced," within the meaning of the same paragraph, and reliquidated the duties at 50 per centum ad valorem, or $857. No protest was made, or appeal from the action of the surveyor, in thus reliquidating the duties, taken by the importer to the Board of General Appraisers, under section 14 of the act of June 10, 1890, known as the "Customs Administrative Act" (26 Stat. 131, c. 407 [U. S. Comp. St. 1901, p. 1933]), and suit was brought by the United States against the importer to collect the additional amount due under the reliquidation, being $599.90. In this suit an answer was filed by the importer, alleging that the feathers were not "manufactured or advanced," within the meaning of paragraph 425, but were "undressed" as originally entered, and were subject only to a duty of 15 per centum ad valorem. A demurrer to this answer was sustained and judgment rendered in favor of the government.

Two questions are raised: First, did the surveyor, acting as collector, have the right to reliquidate after the duties had been paid, and the feathers withdrawn for consumption; and, second, was the decision of the surveyor final and conclusive, unless reviewed by an appeal to the Board of General Appraisers, under the provisions of section 14 of the customs administrative act? Both these questions must be answered in the affirmative.

1. By section 21 of the act of June 22, 1874 (18 Stat. 190, c. 391 [U. S. Comp. St. 1901, p. 1986]), it is provided that, whenever the duties shall have been liquidated and paid, and the imported goods delivered to the importer, such settlement of duties shall, after the expiration of one year from the time of entry, in the absence of fraud and of protest by the importer, be final and conclusive upon all parties. This statute was in force before (as well as since) the passage of the customs administrative act, when the review of the decision of the collector was regulated by sections 2931 and 2932 of the Revised Statutes, providing for an appeal to the Secretary of the Treasury. Under the provisions referred to, it has been held, both before and since the passage of the customs administrative act, that the collector might reliquidate at any time within one year from the entry, irre-

spective of whether or not the duties had been paid and the goods withdrawn for consumption. U. S. v. Phelps, 17 Blatchf. 312, Fed. Cas. No. 16,039; Beard v. Porter, 124 U. S. 437, 8 Sup. Ct. 556, 31 L. Ed. 492; Treas. Dec. 12,655—G. A. 1,304; Gandolfi v. U. S., 74 Fed. 549, 20 C. C. A. 652; Knowles v. U. S. (C. C.) 122 Fed. 971; Neresheimer v. U. S. (C. C.) 131 Fed. 977.

2. By Rev. St. § 2931, it was provided that the decision of the collector "as to the rate and amount of duties" should be final and conclusive, unless the owner or agent, within 10 days after the liquidation, should enter a protest, and within 30 days appeal to the Secretary of the Treasury. The decision of the Secretary of the Treasury was made final, unless suit should be brought within 90 days thereafter. These provisions respecting a review were in force until the passage of the customs administrative act (June 10, 1890), when, by section 14, the decision of the collector "as to the rate and amount of duties" was made final and conclusive, unless the importer should, within 10 days after the liquidation, give notice in writing to the collector of his objections, and, if the merchandise was entered for consumption, pay the duties. Upon such notice or protest, and payment, the matter goes to the Board of General Appraisers for review. If either the government or the importer is dissatisfied with the decision of the Board of General Appraisers "as to the construction of the law and the facts respecting the classification of such merchandise, and the rate of duty imposed thereon under the classification," an appeal lies to the Circuit Court of the United States (section 15). The decision of this court is final, save in exceptional cases, which, under special provisions, may be reviewed by the Supreme Court of the United States. Thus, a special method, with a special tribunal, was provided for reviewing questions arising in the classification of goods and the liquidation of duties. The questions are usually technical, requiring special knowledge and experience. The rights of both parties are fully guarded through a final review by the courts.

In this case, the importer concedes that, if it had desired to review the decision of the surveyor in the original liquidation, it would have been necessary to protest within 10 days and take the matter before the Board of General Appraisers; but it submits that, having paid the duties under the first liquidation and withdrawn the goods, it is not limited by the provisions of section 14, in contesting the validity of the reliquidation. This is as much as to say that the reliquidation is not in fact a liquidation, but something else; that it has not the force and effect of a liquidation. As we read the statutes, the reliquidation has all the validity of the original liquidation. When made, it becomes the liquidation in lieu of the original, and must be treated as such under section 14. As said in Robertson v. Downing, 127 U. S. 607, 8 Sup. Ct. 1328, 32 L. Ed. 269, where the duties were first liquidated on May 5, 1882, and reliquidated on May 24, 1882, and the protest was not filed until two days after the reliquidation (page 613 of 127 U. S., and page 1331 of 8 Sup. Ct. [32 L. Ed. 269]):

"The duties were not finally liquidated until the 24th of May, 1882. The time to protest did not begin to run until then. The previous liquidation on

the 5th of May was necessarily abandoned by the correction subsequently made."

Followed in Sgobel & Day v. Robertson (C. C.) 126 Fed. 577.

In the recent case of U. S. v. Whitridge, 197 U. S. 135, 25 Sup. Ct. 406, 49 L. Ed. 696, in which was involved the rupee price of imported goods, the collector first liquidated, then reliquidated upon the protest of the importers, and again reliquidated under direction of the Secretary of the Treasury. After the second reliquidation, the importers protested, and the matter was submitted to the Board of General Appraisers; whence it ultimately reached the Supreme Court.

We are satisfied that the provisions of the customs administrative act, limiting the right of review, apply to the reliquidation, as well as to the original liquidation.

The judgment of the court below is affirmed.