UNITED STATES *v.* NEW DRINKS (LTD.) NO. (2695)[1]

RELIQUIDATION AFTER A YEAR.

Section 21, act of June 22, 1874 (18 Stats. 186), does not mean that the collector's reliquidation more than a year after entry, in answer to a protest, is limited to responsiveness to the protest. Where the protest complained of the rate of exchange, reliquidation as to it and also as to the quantity of the goods was legal. *Cassel* v. *United States*, 146 Fed. 146, distinguished.

United States Court of Customs Appeals, April 17, 1926

APPEAL from Board of United States General Appraisers, Abstract 50246

[Reversed.]

*Charles D. Lawrence*, Assistant Attorney General (*Peter A. Abeles*, special attorney, of counsel), for the United States.
*Frank L. Lawrence* for appellee.

[Oral argument March 31, 1926, by Mr. Charles D. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD Associate Judges

SMITH, Judge, delivered the opinion of the court:

Alcoholic compounds, entered on October 11, 1920, at the port of San Francisco, Calif., were assessed by the collector of customs at 20 per centum ad valorem and 40 cents per pound under paragraph 16 of the Tariff Act of 1913. The entry was liquidated on the 11th of March, 1921, and the goods were delivered to the importer after payment and settlement of duties. On April 6, 1921, the importer protested that the rate of exchange applied by the collector to the foreign currency value of the merchandise was incorrect.

The collector conceded that the protest was well founded, and, on October 24, 1921, reliquidated the entry, not only as to the rate of exchange claimed by the protest, but also as to the amount of merchandise actually imported, which the collector found was 200 pounds, instead of 29 pounds, the quantity on which the original liquidation was had.

The importer, on November 17, 1921, protested that the collector had no right to reliquidate the entry as to any matter except the rate of exchange, and that, more than one year having expired after the entry of the goods, the collector had no power to reliquidate as to the amount of merchandise imported.

We are of the opinion that the contention of the importer can not be sustained. Section 21 of the act of June 22, 1874, which was in effect when the reliquidation was made, reads, in so far as pertinent, as follows:

SEC. 21. That  *  *  *  whenever duties upon any imported goods, wares and merchandise shall have been liquidated and paid and such goods, wares and merchandise shall have been delivered to the owner  *  *  *  such entry and passage free of duty and such settlement of duty shall, after the expiration of one

---

[1] T. D. 41530.

year from the time of entry, in the absence of fraud and *in the absence of protest* by the owner, importer, agent, or consignee, be final and conclusive upon all parties.    (Italics not quoted.)

The plain meaning of section 21 is that the collector may liquidate at any time in case of fraud, or while there is pending a protest against a subsisting liquidation upon which protest final action by him has not been taken.    The filing and pendency of a protest suspends the operation of the statute, and any reliquidation made by the collector is not barred by the limitation prescribed, if the collector liquidates during the pendency of the protest or in conformity to the judgment of a competent judicial tribunal sustaining a protest, in whole or in part, and thereby imposing on him the duty of reliquidating.    Judge Hazel in *Cassel* v. *United States*, 146 Fed. 146, did say that the entry after the statutory time has expired can not be reliquidated as to any goods, wares, or merchandise not made the subject of protest, but that does not mean that the collector can not in such cases reliquidate as to the rate and amount of duty imposed on the goods to which the protest relates.

The judgment of the Board of General Appraisers must, therefore, be *reversed.*