(C. D. 655)

## H. K. WHEELER, INC. v. UNITED STATES

### United States Customs Court, Third Division

(Decided June 24, 1942)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Richard H. Welsh* and *Robert C. O'Grady*, special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges; EKWALL, J., not participating

KEEFE, Judge: The merchandise in question consists of pork products in tins, imported from Holland, entered at Los Angeles on April 8, 1939, and placed in a customs bonded warehouse. The entry was liquidated July 31, 1939, duty being assessed at 3¼ cents per pound under paragraph 703, act of 1930, upon the basis of 22,164 pounds, representing the invoice net weight, exclusive of the cases and tins. Withdrawal from warehouse was completed on September 6, 1939. At the time of filing the permit for withdrawal on August 23,

1939, duty was paid upon the basis of the amount determined from the invoice weight as liquidated, and also, by direction of the collector, a countervailing duty of $1,139.99, which had neither been assessed nor appeared to be a part of the liquidation, was also demanded and collected.

On August 11, 1939, the importer filed a protest in language following:

Upon liquidation allowance should have been made for the weight of the jelly or other substances in which the hams were packed.

No countervailing duty should be assessed on this merchandise under T. D. 49809. The merchandise is not subject to any countervailing duty and was so liquidated.

The foregoing protest was given collector's number 30585 and retained by the collector for more than a year before being forwarded to this court, having been received in the office of the clerk on September 18, 1940. In the meantime, to wit, on June 13, 1940, the collector reliquidated the entry assessing duty on the ham products upon the same basis as liquidated, and in addition a countervailing duty "per Bureau letter 2/12/40" in the sum of $1,232.35, an increase of $92.36 over the sum demanded and paid upon withdrawal from warehouse.

The importer filed a protest against the reliquidation on June 27, 1940, the collector numbering the same 32943. This protest was forwarded to the court at the same time as the protest against the liquidation and the two protests were given consecutive suit numbers. Protest 42935–K, filed against the liquidation was suspended pending decision in protest 42936–K here before us, involving the reliquidation, which contains claims in language identical with protest 42935–K, *supra*, except for the last paragraph added thereto, relative to the reliquidation, and which reads as follows:

We contend that the reliquidation was illegal, null and void as the Collector has lost all jurisdiction to reliquidate the entry.

At the trial the deputy collector in charge of the liquidating division of the collector's office at Los Angeles admitted that the entry was originally liquidated without the assessment of countervailing duties, and that such duties were assessed upon reliquidation which was made pursuant to a bureau letter, admitted in evidence; and that said reliquidation was based on the weight appearing in the original liquidation, no concession as to the weight of the liquid having been made.

The letter moved in evidence by consent reveals that the Commissioner of Customs, on May 14, 1940, nearly 9 months after the collector had received the original protest against the liquidation, had denied the collector's request for authorization to reliquidate the entry upon the ground of clerical error discovered within 1 year from the date of entry, and advised him that his failure to suspend liquidation of the entry until the amount of countervailing duties had

been determined was not grounds for such authorization under section 520 (c) (1) of the act of 1930, as amended.

However, the Commissioner further advised the collector to reliquidate the entry and make an allowance in duties on account of the weight of the jelly in the tins, thus conceding the protest as to such weight and suggested that when making such reliquidation he could assess and collect countervailing duties. Anticipating that a protest would be filed against the proposed reliquidation, the Commissioner stated: "If a protest is filed against the reliquidation on account of the countervailing duty assessment, the importer's claim should be disallowed and the protest forwarded to the customs court for judicial determination."

The plaintiff contends that the original liquidation must stand insofar as the assessment of countervailing duties is concerned and that the collector's action in conceding the protest was purely a subterfuge as evidenced by the fact that he thereafter forwarded the same to this court and subsequently agreed to a stipulation relative to the weight of canned hams; and that the collector had lost jurisdiction to reliquidate the entry on the basis of the claims in the protest for the reason that more than 90 days had expired from the date of filing the original protest. In support of plaintiff's contention, counsel cites the cases of *United States* v. *Straus*, 5 Ct. Cust. Appls. 147, T. D. 34193; *National Hat Pin Co.* v. *United States*, ibid. 435, T. D. 34971; *Raphael Weill & Co.* v. *United States*, 21 C. C. P. A. 152, T. D. 46479; and *Kilburn Mill* v. *United States*, T. D. 49195.

The Government contends that the reliquidation ordered by the Commissioner of Customs was unnecessary, first, because the collector did not allow the importer credit for the weight of the hams, and second, there was no necessity for him to assess a countervailing duty because he had already, "done so" in August 1939, when the hams were removed from the storage warehouse. It is further contended that the collector was correct in charging and collecting countervailing duty. The Government failed to cite any cases in support of the foregoing contentions.

The questions arising in this case concern the legality of the collector's action in demanding a sum to be paid as countervailing duties upon withdrawal of merchandise from warehouse, when such sum was not a part of the liquidated duty; the legality of the reliquidation and assessment of countervailing duty thereunder; and the weight of the merchandise to be used as the basis for the amount of duties.

Section 514 of the Tariff Act of 1930 provides that:

\* \* \* all decisions of the collector \* \* \* his liquidation or reliquidation of any entry \* \* \* shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the im-

porter, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation.

Section 515 further provides that upon the filing of such protest the collector shall review his decision within 90 days thereafter and may modify the same in whole or in part and thereafter remit or refund any duties, etc., found to have been assessed or collected in excess. If, however, the collector shall, upon such review, affirm his original decision, he "shall forthwith transmit the entry and the accompanying papers, and all the exhibits connected therewith, to the United States Customs Court for due assignment and determination, as provided by law. Such determination shall be final and conclusive upon all persons, and the papers transmitted shall be returned, with the decision and judgment order thereon, to the collector, who shall take action accordingly."

Section 303 defines countervailing duties as additional duties and provision is made for the assessment and collection thereof, and under section 505 duties are collectible upon the basis of the amount determined to be due and payable on liquidation of the entry. Imported merchandise entered in warehouse under the provisions of section 557 may be withdrawn therefrom for consumption upon payment of the duties and charges accruing thereon at the rate of duty imposed by law upon such merchandise at the date of withdrawal.

We are unable to find any authority under the statute authorizing a collector of customs to demand the payment of any sum of money upon release of merchandise from warehouse other than the regular charges accruing thereon and the duties as imposed by law at the date of withdrawal as evidenced upon liquidation of the entry, nor has the Government shown any precedent for such demand and payment of countervailing duties which formed no part of the liquidation. The action of the collector in demanding payment of such countervailing duties upon withdrawal of the merchandise from warehouse is clearly illegal.

Under the provisions of the act of 1930, the decision of the collector, his liquidation or reliquidation of any entry may be changed by him within 60 days of such action. Thereafter such liquidation becomes final and conclusive upon the Government as well as the importer unless a protest is filed within such period, in which event the collector is allowed 90 days to review his action in order to accede to the protest in whole or in part. If the collector fails to admit that the

claim in the protest is well taken within the time prescribed, he loses all jurisdiction thereof, and the papers are to be sent forthwith to this court for determination of the controversy. What are the facts here before us? The entry was liquidated July 31, 1939. The importer filed his protest on August 11, 1939, 11 days after liquidation. The collector failed to act upon the protest within 90 days. Nor did he forward it to this court for determination as directed by the statute. Instead, he continued to hold it until June 13, 1940, when he proceeded to reliquidate. Did he accede to the protest in his reliquidation and refund the duty taken upon the excessive weight, and the sum illegally demanded upon withdrawal from warehouse? No, but without color of authority he reliquidated at the same amount of duties demanded in the liquidation and in addition assessed countervailing duties in a sum greater than exacted upon withdrawal from warehouse. Clearly such action of the collector is without authority of law and we hold the reliquidation void. The reliquidation here complained about is not without precedent, but the courts have been consistent in holding such action illegal and void when taken after the time has passed in which the collector is authorized to act. In fact, it has been held that the collector is without authority to reliquidate in accordance with the protest.

In the case of *United States* v. *Straus, supra,* it was held that when the collector declines to admit the validity of the protest and the period during which he may properly retain the same has passed, his power and authority over the subject matter thereof is suspended, jurisdiction having been vested in the customs tribunals where it remains until a decision is rendered. There it was further held that when divested of jurisdiction by passage of time it is the duty of the collector to forward the protest and papers pertaining thereto within the period specified.

In *National Hat Pin Co.* v. *United States, supra,* it was further held that the collector's delinquency in failing to forward the protest and papers could not enlarge his authority to act. In the cases of *Raphael Weill & Co.* v. *United States, supra,* and *Kilburn Mill* v. *United States, supra,* the courts ruled in conformity with the foregoing-cited cases.

In *Benziger Bros.* v. *United States,* T. D. 26898 (G. A. 6224), the court stated:

\* \* \*. We know of no case, however, which goes so far as to hold that a collector, by reliquidating an entry, can defeat a protest filed against his original liquidation and make it necessary for the importer to file a new protest to preserve his rights.

An alternative view, and one in our opinion more in accord with reason and justice, is to regard the collector's power to make a reliquidation which will amount to a new decision respecting any merchandise covered by a protest as suspended while the protest is pending, except in so far as the collector may exercise that power to comply with the demands of the protest, which we think he may do.

One recognized purpose of a protest is to advise the collector of an error in his action and enable him to correct it if he deems proper. * * * If he does not see fit to accede to the importer's claims, then it is his duty to forward the protest to the Board, and, we believe, to refrain from further action in the matter until the question at issue is decided. * * *.

* * * * * * *

* * *. It seems a sound conclusion that the right of the importers to have the decision complained of reviewed by the Board and the courts accrues at that time, and the collector is without power to divest the importers of this right by reliquidating the entry at a different rate of duty from either that originally assessed or that contended for by the protestants.

In the case of *Vandegrift* v. *United States*, T. D. 43877, it was held that under the act of 1922 a reliquidation was null and void if made more than 60 days after protest had been filed against the original liquidation, and that was true whether or not the protest had been transmitted by the collector to this court.

In view of the foregoing decisions it is clear that the reliquidation of the entry herein is null and void. The only valid liquidation failed to include an assessment of additional duty under section 303, *supra*, and we hold that any exactions thereunder are clearly illegal. It is interesting to note in this connection the action of the courts in the case of *United States* v. *New Drinks (Ltd.)*, 14 Ct. Cust. Appls. 16, T. D. 41530, and *Chew Chong Tai & Co.* v. *United States*, T. D. 43641. In the *New Drinks* case, certain merchandise was liquidated and duties paid. The importer protested the rate of exchange as applied by the collector. The collector conceded that the protest was well founded and reliquidated the entry. Upon reliquidation the collector found that the amount of merchandise was 200 pounds rather than 29 pounds, the quantity used in determining the amount upon which duty was assessable on the original liquidation, and he based his reliquidation upon the 200 pound quantity. The importer protested claiming that the collector had no right to reliquidate the entry as to any matter except the rate of exchange and that, more than one year having expired after the entry of the goods, the collector had no power to reliquidate as to the amount of the merchandise imported. The court stated:

We are of the opinion that the contention of the importer can not be sustained. * * *.

* * * * * * *

The plain meaning of section 21 is that the collector may liquidate at any time in case of fraud, or while there is pending a protest against a subsisting liquidation upon which protest final action by him has not been taken. The filing and pendency of a protest suspends the operation of the statute, and any reliquidation made by the collector is not barred by the limitation prescribed, if the collector liquidates during the pendency of the protest or in conformity to the judgment of a competent judicial tribunal sustaining a protest, in whole or in part, and thereby imposing on him the duty of reliquidating. Judge Hazel in *Cassel* v. *United States*, 146 Fed. 146, did say that the entry after the statutory time has

expired can not be reliquidated as to any goods, wares, or merchandise not made the subject of protest, but that does not mean that the collector can not in such cases reliquidate as to the rate and amount of duty imposed on the goods to which the protest relates.

In the *Chew Chong Tai* case, *supra*, certain entries of Chinese merchandise were duly liquidated and protests filed challenging the classification as to some but not all of the articles included in each entry. Those protests were all decided and thereafter the collector reliquidated all the entries converting the currency at a higher rate than adopted at the time of entry and the increased duties were demanded and paid. Insofar as the entries involved the conversion of the currency of the invoices protests were filed claiming the reliquidations illegal and void because more than a year had elapsed from the date of entry and the original liquidations having become final and conclusive upon all parties. The court held that the reliquidations complained of were legal and proper in respect to the merchandise covered by the original protests, but were illegal and void insofar as they covered merchandise not the subject of the original protests, the court stating:

We have examined the authorities cited by counsel for the plaintiffs and others not cited, and think the cases in point are those which have laid down the following two rules of law: (1) That the pendency of a protest has the effect of arresting the running of the statute of limitations, but only as to the merchandise covered by the protest; (2) that the pendency of a protest arrests the running of the statute of limitations during the period in which the protest is pending, but that upon the conclusion of that period the statute again begins to run.

In the case before us here 11 days of the statutory period had elapsed before the original protest was filed. The collector however reliquidated after he had lost jurisdiction and all acts performed by him thereafter are void and of no effect inasmuch as the original protest was still pending before this court. Inasmuch, however, as the original protest, 42935–K, has now been abandoned, judgment may be entered directing the collector to reliquidate the entry in accordance with our decision herein.

The final question before us in this case relative to the dutiable weight of the imported merchandise has been conceded by the Government to be well taken and it was stipulated and agreed between counsel in respect thereto as follows:

### 42936–K/32943

(1) That the merchandise covered by the protest enumerated above and represented by the items marked "A" and initialed C. D. W. on the invoice, checked by C. D. Wilton was assessed for duty at $3\frac{1}{4}$ cents per pound under paragraph 703 of the Tariff Act of 1930 on the full content of the tins; that the issue and the merchandise involved in the instant protest are the same in all material respects as the issue and the merchandise involved in *Axel Stokby, et al.* v. *United States,* C. D. 358; that the record in C. D. 358 be incorporated with the record in this

protest; that the Plaintiff be allowed sixty days after the transcript of the testimony in which to file its brief and the Government 30 days thereafter in which to file its brief.

(2) That the right to further amend and the first docket call are hereby waived.

In view of this stipulation and following the decision cited, we hold that the articles, marked A on the invoice and checked with the initials of the examiner, are properly dutiable at 3¼ cents per pound under paragraph 703, act of 1930, upon the basis of the net weight of the contents of the cans less 10 per centum allowance for the gelatinous material contained therein.

We sum up our holdings herein, as follows:

(1) That the collector's demand of a sum to be paid as additional duties under section 303 at the time of withdrawal of the merchandise from warehouse is illegal and void.

(2) That the collector's reliquidation of the entry long after he had been divested of jurisdiction in the premises is illegal and void, and

(3) That allowance in weight should have been properly made for the jelly or other substances in which the hams or pork products were packed.

Judgment will therefore be entered in favor of the plaintiff directing the collector to reliquidate the entry in accordance with our decision herein and make refund accordingly.