## Case No. 16,039.

### UNITED STATES v. PHELPS et al.

[17 Blatchf. 312.] [2]

Circuit Court, S. D. New York. Nov. 24, 1879.

CUSTOMS DUTIES—DAMAGE ALLOWANCE ON TRIAL—CONCLUSIVENESS OF LIQUIDATION.

1. One entry was made at the custom house of fruit imported in a vessel, which fruit belonged to several owners, and was embraced in several invoices. The duties were estimated at $4,648 and deposited and the goods were delivered. Afterwards a damage allowance for

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

loss by decay on the voyage was applied for. The report showed that the damage sustained by various lots of the fruit was more than 25 per cent. of the quantities in such lots, but that the damage on all the fruit imported by the vessel was less than 25 per cent. of the whole quantity. The collector, by allowing the damage on the lots which were damaged more than 25 per cent., liquidated the duties at $270.40 less than the amount deposited, and refunded the $270.40. Afterwards the collector reliquidated the duties at $4,648, refusing to allow any damage, because it did not exceed 25 per cent. of all the fruit covered by the entry. The United States having sued, in the district court, to recover the $270.40, that court directed a verdict for the defendants. On a writ of error: Held that, under section 2931 of the Revised Statutes, the first liquidation was not conclusive as to the United States.

[Cited in U. S. v. Comarota, 2 Fed. 146; U. S. v. Campbell, 10 Fed. 819; U. S. v. Clark, 11 Fed. 79; U. S. v. Earnshaw, 12 Fed. 286; U. S. v. Schlesinger, 14 Fed. 685; U. S. v. Leng, 18 Fed. 17; s. c., 7 Sup. Ct. 445, 120 U. S. 113.]

2. The United States are entitled to recover according to the last liquidation.

[Cited in U. S. v. Campbell, 10 Fed. 818; U. S. v. Leng, 18 Fed. 21.]

3. The defendant could not be allowed to give evidence to show that the decision of the collector in the last liquidation was erroneous.

[Cited in Chase v. U. S., 9 Fed. 883.]

4. The district court ought to have directed a verdict for the United States.

[Error to the district court of the United States for the Southern district of New York.]

At law.

J. Dana Jones, Asst. U. S. Dist. Atty.

A. J. Heath, for defendants in error.

BLATCHFORD, Circuit Judge. This suit was brought in the district court by the United States against the defendants in error [Frank Phelps and Howard Phelps], to recover $270.40 in gold coin, with interest from March 6th, 1878. The complaint alleges that the defendants, on the 6th of March, 1878, imported into the port of New York certain fruit, subject to duties, and entered it at said port; that, thereupon, the collector of said port decided that the amount of duties to be paid thereon was $4,648 in gold coin; and that the defendants have paid thereon $4,377.60 and no more. The answer sets up, that the defendants paid, on entry, $4,648 in gold coin, as duties; that the defendants made a claim for an allowance of duties for damage to the fruit on the voyage; that the fruit was appraised and damage allowed; that the collector adjusted the duties and decided that the amount of duties was $4,377.60 in gold coin, and no more, and refunded to the defendants $270.40; and that the $4,377.60 was paid to and received by the United States in full settlement and payment of all the duties on said fruit.

The bill of exceptions sets forth, that, on the trial, the following facts were proved: On the 6th of March, 1878, the defendants imported into the port of New York, from foreign ports, by the steamship Olaf, 4,008 boxes

and 2.227 cases of oranges. The oranges were shipped from Messina, Palermo and Valencia, and consigned by the several owners in those respective ports to the defendants at New York City, a separate invoice having been made for each separate lot or shipment by the several owners thereof, containing the date of shipment, the place from which shipped, the description and value of the goods so shipped, and the name of the owner or owners. There were in all eleven invoices of this character, upon which only one entry was made at the custom house. On the same day the duties upon the goods were estimated by the collector to be $4,648, which sum was then and there deposited with the collector, by the defendants, to secure the payment of the duties when finally ascertained, and the goods were delivered to the defendants, the consignees named in the entry. On the 12th of March, 1878, the defendants made an application for damage allowance for loss by decay of said fruit during the voyage. On the 26th of March, 1878, the report of the appraisers as to the amount of damage sustained by the said fruit on the voyage was made. Such report showed that the damage sustained by the various lots of the fruit was more than 25 per centum of the quantities contained in said several lots, but that the damage on all of the fruit imported by the Olaf was less than 25 per centum of the whole quantity imported. On this report, the collector, on the first of April, 1878, by allowing the damage on the various lots which had sustained more than 25 per centum of damage, liquidated the duties on the said goods, and fixed the same at the sum of $4,-394. This amount of money was applied by the collector to the payment of the duties, and the sum of $254 (being the difference between $4,394 and $4,648) was refunded by him to the defendants on the 29th of April, 1878. On the 10th of May, 1878, the defendants called the attention of the collector to an error in this liquidation, which was corrected and the duties were reliquidated at the sum of $4,377.60 and the further sum of $16.40 was refunded to the defendants. On the 6th of July, 1878, the defendants filed with the collector a protest, addressed to him, in which they said: "We do hereby protest against the present system of liquidating entries for damage on boxes and cases of green fruit, and particularly in the case of our entry per steamship Olaf, made March 6th, 1878, and liquidated about April 25th, and reliquidated on June 26th, both times incorrectly, so far as the method of adding boxes and cases together indiscriminately, as by so doing we have, in the last instance particularly, been credited with $16.40 instead of $61.60, as would appear if the cases were either considered separately or figured upon at their relative value. We, therefore, look to you to have the entry liquidated in such a way that we can have a correct return and have the proper amount due us returned."

Thereafter, on July 19th, 1878, an order was made by the collector that the entry should be amended, and the proper amount of duty fixed. This amendment was thereupon made, and, on the 20th of July, 1878, the duties were fixed by the collector at the sum of $4,648, the amount originally deposited with the collector. On this liquidation the collector refused to allow any damage, because the amount of damage did not exceed 25 per centum of the whole quantity of fruit imported and covered by the entry. There was only one appraisal of the goods, and the different ascertainments or liquidations were all based upon the appraisers' report of the damage sustained by the fruit on the voyage. The plaintiffs sued for $270.40 and $11.48 interest.

On the foregoing facts, the counsel for the defendants asked the court to direct a verdict for the defendants. The counsel for the plaintiffs asked the court to direct a verdict for the plaintiffs, for $281.88, on the grounds, (1.) That the last liquidation by the collector was final and conclusive in this action brought by the United States for duties; (2.) That, if such liquidation was not final and conclusive, the $270.40 was due from the defendants as duties on the goods imported. The court denied the motion of the plaintiffs, and directed the jury to find a verdict for the defendants. [Case unreported.] To such refusal and direction the counsel for the plaintiffs duly excepted. The jury thereupon, under the direction of the court, rendered a verdict in favor of the defendants. On this verdict a judgment was entered dismissing the complaint on the merits of the action, as against the plaintiffs.

It is contended, for the United States, that the court should have directed the jury to find a verdict for the plaintiffs for the full amount claimed, because the $270.40 was proved to be a part of the ascertained or liquidated duties on the goods imported by the defendants; that the fact that the duties had been twice previously liquidated did not deprive the collector of power to make the last liquidation; and that it was within his authority, on the same facts, to change his interpretation of the law, and correct the mistake he had made.

It is well settled, that the duties due upon all goods imported constitute a personal debt due to the United States from the importer; that the consignee is, for this purpose, treated as the owner and importer; that such debt is independent of any lien on the goods and of any bond given for the duties; and that the right of the government to the duties accrues when the goods have arrived at the proper port of entry. Meredith v. U. S., 13 Pet. [38 U. S.] 486. By section 2931 of the Revised Statutes the decision of the collector, in liquidating duties, as to the amount of duties on imported goods, is made final and conclusive against all persons interested in such goods, unless notice in writing of dissatisfaction with such decision is given to the

collector, by the importer, within 10 days after the liquidation, and unless within 30 days after the liquidation there is an appeal by the importer from the liquidation to the secretary of the treasury. Such liquidation is not made final and conclusive as against the United States. There is nothing in the section which forbids a reliquidation or a new decision by the collector, even after the payment of all the duties fixed by a prior liquidation, or even after the refunding of money deposited beyond the amount of duties so fixed; or which forbids a new decision by the collector as to the law on the same facts, or a new decision as to facts, based on additional or new or different facts. This view is confirmed by the enactment of section 21 of the act of June 22d, 1874 (18 Stat. 190), which is as follows: "Whenever any goods, wares and merchandise shall have been entered and passed free of duty, and whenever duties upon any imported goods, wares and merchandise shall have been liquidated and paid, and such goods, wares and merchandise shall have been delivered to the owner, importer, agent or consignee, such entry and passage free of duty and such settlement of duties shall, after the expiration of one year from the time of entry, in the absence of fraud and in the absence of protest by the owner, importer, agent or consignee, be final and conclusive upon all parties." This provision was in force when the transactions in this case took place. It applies to the United States. The expression "all parties," includes the United States. By section 2931 of the Revised Statutes, there was no limitation imposed on the power of the collector to reliquidate, when such reliquidation was in the interest of the government. But, by section 21 of the act of 1874, a limitation is imposed on such power, so that, after the entry of goods, and after the liquidation and payment of duties on them, and after the delivery of the goods to the importer, such settlement of duties, if there be no fraud and no protest by the importer, is, after one year from the entry, final and conclusive even as respects the government. In the present case, the suit was brought before the one year expired. The collector, therefore, had power to make the reliquidation of July 20th, 1878; and there is nothing in the provisions of the act of March 3d, 1875 (18 Stat. 469), which affects such power. The complaint counts on such reliquidation, as made on the importation and entry of goods subject to duty.

The reliquidation at $4,648 being lawful, such reliquidation stands for the purposes of this suit as if it was the only liquidation. On a liquidation, the United States is entitled to recover, in a suit against the importer or consignee, under section 2,931 of the Revised Statutes, formerly section 14 of the act of June 30th, 1864 (13 Stat. 214), the amount liquidated, as duties, and evidence in such suit, on the part of the defendant, to show that the decision of the collector was wrong,

cannot be received. The only remedy of the importer is in a suit to recover back the duties, after paying them, in a case where such a suit is allowed by the statute. This was the ruling in U. S. v. Cousinery [Case No. 14,878], in the district court for this district, following the decision of the supreme court in Westray v. U. S., 18 Wall. [85 U. S.] 322. Such ruling was approved by Chief Justice Waite, in Watt v. U. S. [Case No. 17,292], and must be held to be the law, until it is reversed.

For these reasons, it was error in the court below to refuse to direct a verdict for the plaintiffs, and error to direct a verdict for the defendants. The first ground urged by the counsel for the plaintiffs, as a ground for directing a verdict for the plaintiffs, was a sound one, namely, that the last liquidation by the collector was final and conclusive against the defendants in this suit; and it is unnecessary to consider the question as to whether the collector was wrong in refusing to allow any damage, on the last liquidation.

The judgment is reversed, with costs to abide the event, and a direction to the court below to enter an order granting a new trial.