GANDOLFI et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. May 12, 1896.)

CUSTOMS DUTIES—LIQUIDATION ACT JUNE 22, 1874.

The act of congress of June 22, 1874, providing, in section 21, that "whenever duties upon any imported goods * * * shall have been liquidated and paid, and such goods * * * delivered to the owner, * * * such

settlement of duties shall, after the expiration of one year from the time of entry, in the absence of fraud, and in the absence of protest by the owner, * * * be final and conclusive upon all parties," does not give rise to any presumption that the collector made a liquidation within one year after entry, nor require a liquidation to be made within one year, but only prevents a reliquidation after a year has elapsed from the entry.

In Error to the District Court of the United States for the Southern District of New York.

This is a writ of error by the defendants in the court below, brought to review a judgment of the district court, Southern district of New York, entered upon a verdict directed by the court, in favor of plaintiffs. The facts, as stated in the brief of counsel for plaintiffs in error, are as follows: "The action was brought to recover a balance of duties claimed to be due the United States upon the importation by plaintiffs in error of a quantity of cheese. The merchandise arrived at the port of New York, on the Olympia, November 11, 1891. On the same day, defendants made entry of said merchandise at the custom-house, presenting a pro forma invoice, in which the weight of the cheese was stated to be 1,984 pounds, and duty at the rate of six cents per pound on said weight, amounting to $119.04, was then paid, and the merchandise was delivered to the defendants. The consular invoice was received by the collector on the 14th day of October, 1891. * * * The consular invoice showed the weight to be net 6,232 pounds. * * * The weigher's return was made December 10, 1891, and showed the weight to be 4,003 pounds net. Thereupon the merchandise was delivered to the defendants, and entered into consumption. Nothing further was done by the customs officials until March 7, 1893, when Mr. Esterbrook, chief of the liquidating department, wrote across the weigher's return as follows: 'In view of surveyor's letter dated March 2, 1893, this return is held to be void. Assess duty on triplicate invoice weight. Triplicate invoice, dated at Genoa, Sept. 29, 1891. Consular Number 557, March 7, 1893, Esterbrook's check.' Thereupon, and on the 7th day of March, 1893, liquidation of the entry was made, based upon the consular invoice and duty assessed upon 6,232 pounds of cheese, amounting to $373.92. This action is brought to recover $254.88, the difference between $373.92 and $119.04, the amount paid at the time of the entry." The entry has upon its back the official stamp of liquidation, "Entered and liquidated March 8, 1893."

W. J. Townsend, for plaintiffs in error.

Henry C. Platt, Asst. U. S. Atty.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. Two assignments of error only have been argued or presented on the brief of plaintiffs in error, viz.:

1. That the collector had no power to liquidate the entry upon the triplicate invoice.

It is a sufficient answer to this objection that it nowhere appears to have been reserved by any exception taken at the trial, nor is it set forth specifically in the assignments of error. Moreover, under the statute in force at the time (Customs Administrative Act 1890, § 14), the decision of the collector as to rate and amount of duties is made final and conclusive against all persons interested therein, unless the owner, importer, consignee, or agent shall within 10 days after, but not before, such ascertainment and liquidation of duties, give notice in writing to the collector of his objections thereto. There is no suggestion here that any such protest or notice of objections was ever given.

2. It is urged that the action is barred by the statute of limitations.

Act June 22, 1874, § 21, provides as follows:

"Sec. 21. That whenever any goods, wares and merchandise shall have been entered and passed free of duty, and whenever duties upon any imported goods, wares and merchandise shall have been liquidated and paid, and such goods, wares and merchandise shall have been delivered to the owner, importer, agent or consignee, such entry and passage free of duty, and such settlement of duties shall, after the expiration of one year from the time of entry, in the absence of fraud, and in the absence of protest by the owner, importer, agent or consignee, be final and conclusive upon all parties."

This statute, in effect, provides that, when the collector has once liquidated the duties, he may not reliquidate them after a year from entry, where there is no fraud and there has been no protest. If the liquidation of the entry on March 7, 1893, which was proved in the case, was in fact a reliquidation, it would be within the prohibition of this statute. But there is nothing in the case to show that the duties were ever liquidated before March 7, 1893. There is no proof of any "final ascertainment and liquidation of the duties" by the collector, nor of any "stamping of such ascertainment and liquidation upon the entry," earlier than March 7, 1893; and these are the acts which constitute a liquidation under the statutes. Davies v. Miller, 130 U. S. 289, 9 Sup. Ct. 560.

Defendant, upon the trial, asked the court to instruct the jury that, in the absence of fraud, it is to be presumed, without proof, that the collector made a liquidation within one year after entry. Our attention is called to no statute or authority supporting this proposition. So far as appears, the collector may liquidate the duties when he pleases; but, having once liquidated them, he may not reliquidate if one year has elapsed since the entry of the goods.

The judgment of the district court is affirmed.