## UNITED STATES v. DE RIVERA et al.

### (Circuit Court, S. D. New York.)

CUSTOMS DUTIES—LIQUIDATION BY COLLECTOR—LIMITATION OF ACTIONS.

Iron ore was imported in 1881, a certain sum being then paid as duties, after the appraiser had raised the valuation. In 1890 the collector decided that an additional amount was due, and an action was brought to recover the same. The importers claimed that their original payment was a liquidation, and that the action was barred within one year thereafter. *Held*, that the liquidation was not complete until the collector had acted in the matter, and that there was no provision of law requiring him to liquidate within any particular time, or to give notice to the importer thereof.

Action for balance of duties.

On September 20, 1881, and September 22, 1881, defendants imported certain iron ore in the United States by the vessels Samuel Welsh and Mary C. Hale, respectively, and entered same at the port and collection district of Philadelphia, paying, at the time of such entry, the sums of $299.80 on each consignment as duties. Subsequently, on the 14th day of March, 1890, the collector decided that the amount of duties to be paid on said goods was, respectively, $754 and $750.40, leaving a balance due the United States from the defendants of $904.80, to recover which this action was brought. The defendants admitted the importation and entry of the said iron ore, but denied their liability for balance of duties, claiming that the payment made by them at the time of entry of such goods was a liquidation, and that, as more than a year since such liquidation had expired, the same was final and conclusive.

Wallace Macfarlane, U. S. Atty., and James R. Ely, Asst. U. S. Atty.

William H. Blain, for defendant.

LACOMBE, Circuit Judge (orally charging jury, after stating the case as above). I have examined this matter with great care since Friday, in the hopes that, in some way or other, I could find some means for relieving the defendant, in whole or in part, from this claim; but, gentlemen of the jury, it is impossible to do so. The laws of the United States in regard to the liquidation and collection of duties upon imports are evidently constructed upon the

theory that the citizen who imports goods has no rights at all, or, at least, that the federal government need not be under the slightest concern about them. Under the statutes and the authorities, it is clear that there was no liquidation until the collector himself acted. The mere act of the appraiser in raising the value was a step towards liquidation, but liquidation was not complete until the collector had performed his act. Under the statute, moreover, the collector may "liquidate" whenever he pleases. It may be a week after the goods arrive, or it may be eight years, as it was in this case; and, under the law, he is under no obligation to notify the merchant of his liquidation. The merchant, apparently, has got to keep watch from the time he gets the goods until the collector acts and liquidates, and he takes the risk of not being advised of that action when it occurs. Under the laws as they stand, there is absolutely nothing to do in this case but to direct a verdict in favor of the plaintiff for the full amount claimed, with an exception to the defendant.

The jury rendered a verdict for the plaintiffs, in accordance with the direction of the court, for $904.80, with interest from March 14, 1890.