## ABNER DOBLE CO. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 6, 1902.)

No. 692.

**1. CUSTOMS DUTIES—LIQUIDATION—LIMITATION OF TIME.**

The provision of section 21 of Act June 22, 1874 [U. S. Comp. St. 1901, p. 1986], limiting the time within which duties may be reliquidated to one year from the date of entry in the absence of fraud or protest by the owner or importer, does not operate to prevent the liquidation of duties on an article at any time after its entry in bond upon or after its withdrawal for consumption when there had been no previous liquidation.

**2. SAME—ACTION TO RECOVER DUTIES—SUFFICIENCY OF COMPLAINT.**

A complaint by the United States, alleging that defendant made withdrawal entry, and withdrew from a bonded warehouse for consumption imported goods which were dutiable, and upon subsequent liquidation of the duties thereon paid the greater portion of such duties without protest, states a cause of action for the recovery of the remainder, although it shows that defendant was not the importer, the presumption being from the facts alleged that it bore such relation to the goods as to be chargeable with the duties.

In Error to the District Court of the United States for the Northern District of California.

The United States, in an action against the plaintiff in error, the Abner Doble Company, a corporation, alleged, in substance: That on March 8, 1892, William Murray imported into the United States at San Francisco from Liverpool 2,779 bars and 2,051 bundles of Swedish charcoal iron, which was subject to the payment of a duty of $2,341.50 under the tariff act of October 1, 1890. That on March 14, 1892, William Murray made warehouse entry of said merchandise, and on March 15, 1892, the merchandise was placed in a bonded warehouse, upon the execution and delivery of a warehouse bond therefor by William Murray as principal and R. B. Hui as surety. That said merchandise remained in the bonded warehouse for more than three years from the date of its original importation, and on March 8, 1895, became abandoned to the United States, and subject to sale as such. That on March 15, 1895, the plaintiff in error made final withdrawal entry for consumption of said merchandise, and withdrew the same from bond, and on April 24, 1895, duties thereon were finally ascertained and liquidated by the collector at the sum of $2,341.50, pursuant to law and the regulations and practice of the treasury department. That no notice of objection or protest was given to said collector of such liquidation or ascertainment of duties. That there has been paid upon the withdrawal of such merchandise from bond the sum of $2,291.32 on account of said duties, leaving a balance payable of $50.18, for which judgment was demanded. The plaintiff in error demurred to the complaint upon the grounds that it failed to state facts sufficient to constitute a cause of action, that the cause of action is barred by the provisions of the act of congress of June 22, 1874, and that the complaint is ambiguous and uncertain. The demurrer was overruled, and, the plaintiff in error failing to answer, judgment was rendered as sued for. It is assigned as error that the court held the plaintiff in error liable for duties for merchandise imported by William

Murray; that the court ruled that the cause of action is not barred by the provisions of the act of congress of June 22, 1874; that the court ruled that the complaint is not uncertain, in that it fails to set forth why the duties on merchandise were not ascertained at the time when the plaintiff in error made final withdrawal, or to set forth the reason why the duties on the merchandise referred to were not ascertained at that time; and that the court erred in determining that the complaint states facts sufficient to constitute a cause of action.

Jesse W. Lilienthal and Frohman & Jacobs, for plaintiff in error.

Marshall B. Woodworth, for the United States.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The plaintiff in error contends that the complaint does not state a cause of action against it, for the reason that it charges it with duties on goods not imported by it, or consigned to it, but imported by another; and it asserts that there is no statute which makes one who withdraws goods from a bonded warehouse chargeable with the duties thereon unless he was the importer or consignee; quoting 1 Supp. Rev. St. 744 [U. S. Comp. St. 1901, p. 1886] :

"That all merchandise imported into the United States shall, for the purpose of this act, be deemed and held to be the property of the person to whom the merchandise may be consigned; but the holder of any bill of lading consigned to order and endorsed by the consignor shall be deemed the consignee thereof; and in case of the abandonment of any merchandise to the underwriters, the latter may be recognized as the consignee."

The decisive facts alleged in the complaint upon which the plaintiff in error was held liable were that the plaintiff in error made withdrawal entry, and withdrew the goods for consumption, and that some six weeks later the duties were finally ascertained and liquidated by the collector at $2,341.50, which sum the plaintiff in error paid except a balance of $50.18, for which the action was brought. The law does not prescribe the time when the collector shall liquidate the duties. He may liquidate before or after a year after entry. The only limitation upon his action in that regard is that, after once liquidating, he may not, in the absence of fraud or protest by the owner, importer, agent, or consignee, reliquidate after a year from the date of entry. Section 21, Act June 22, 1874 [U. S. Comp. St. 1901, p. 1986]; U. S. v. De Rivera (C. C.) 73 Fed. 679; Gandolfi v. U. S., 20 C. C. A. 652, 74 Fed. 549. We agree with the district court that the question whether the government is estopped from maintaining the action by section 21 of the act of June 22, 1874 [U. S. Comp. St. 1901, p. 1986], is not presented by the facts alleged in the complaint, since there is no averment that the duties were liquidated prior to April 24, 1895. In the averment of the complaint that the plaintiff in error made withdrawal entry, and withdrew the goods for consumption, and paid all the duties except the small balance unpaid, there is implied that the plaintiff in error sustained such relation to the goods, whether as consignee or underwriter or otherwise, as to entitle it to make such withdrawal. Admitting, as it does by the demurrer,

that it made the entry and the withdrawal for consumption, and paid a sum on account of the duties so liquidated, it cannot say that the complaint is fatally defective for the reason that it fails to set forth what was the precise relation of the plaintiff in error to the goods. From the facts pleaded, the presumption arises that the plaintiff in error was chargeable with the duties. If facts existed which were sufficient to overcome that presumption, they constituted matter of defense to the complaint, available by answer. On the face of the complaint a cause of action is stated.

The judgment of the district court is affirmed.