FRANKLIN SUGAR REFINING CO. v. UNITED STATES.

(Circuit Court, D. Pennsylvania. March 8, 1906.)

Nos. 81, 1,693.

1. CUSTOMS DUTIES—CONVENTION WITH CUBA—DATE OF EFFECT.
   The reciprocal commercial convention with Cuba (33 Stat. 2136) became operative on the date of its approval by Act December 17, 1903, 33 Stat. 1, c. 1, rather than on the tenth day after its ratification.

2. SAME—GOODS IN WAREHOUSE—CONSTRUCTIVE WITHDRAWAL.
   An importer procured permits for the delivery of merchandise in a bonded warehouse, and filed them with the storekeeper, but did not actually withdraw the merchandise until some time later. *Held*, that the former action constituted a constructive withdrawal, and that the merchandise became subject to the duties applicable at the time of the constructive withdrawal rather than of the actual withdrawal.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision below, G. A. 5,885 (T. D. 25,914), affirmed the assessment of duty by the collector of customs at the port of Philadelphia, on importations by the Franklin Sugar Refining Company. The case involves the construction of the convention between the United States and Cuba (33 Stat. 2136), signed December 12, 1902, and approved by Congress December 17, 1903 (33 Stat. 1, c. 1). The pertinent portion of said convention reads as follows: "Article 11. * * * The convention shall go into effect on the tenth day after the exchange of ratification. * * * This convention shall not take effect until the same shall have been approved by the Congress." 33 Stat. 2142.

The pertinent portion of said act reads as follows: "Whenever the President of the United States shall receive satisfactory evidence that the Republic of Cuba has made provision to give full effect to the articles of the convention between the United States and the Republic of Cuba, signed on the eleventh day of December, in the year nineteen hundred and two, he is hereby authorized to issue his proclamation, declaring that he has received such evidence, and thereupon on the tenth day after exchange of ratification of such convention, * * * all other articles of merchandise being the product of the soil or industry of the Republic of Cuba imported into the United States shall be admitted at a reduction of twenty per centum of the rates of duty thereon, as provided by the tariff act of the United

States, approved July twenty-fourth, eighteen hundred and ninety-seven." 33 Stat. 1, c. 1.

Note American Sugar Refining Co. v. U. S. (C. C.) 136 Fed. 508.

The assignments of error stated by the importers in their application for review of the decision of the Board of General Appraisers are as follows: "The errors of law complained of are (1) the imposition on all said sugars of the full rate of duty imposed by the tariff act of July 24, 1897, without the reductions of 20 per cent. thereof provided in said convention of December 11, 1902; and (2) the imposition of said duties on those sugars not actually removed from bonded warehouse until after December 27, 1903."

John G. Johnson, for the importers.

J. Whitaker Thompson, U. S. Atty., and William M. Stewart, Jr., Asst. U. S. Atty.

HOLLAND, District Judge. This is an application for a review of the decision of the Board of General Appraisers assessing a duty on certain importations of sugar from Cuba into this country, at the regular rates provided for by the tariff act of 1897.

The facts are sufficiently set forth in the opinion, which is as follows:

"The importations covered by these three protests consist of sugar exported from Cuba. The merchandise arrived at the port of Philadelphia and was entered in bond prior to December 17, 1903. It was assessed for duty at the regular rates provided for by the tariff act of 1897, while the importers claim that there should be a deduction of 20 per cent. ad valorem under the provisions of the treaty or convention between the United States and the Republic of Cuba, which was proclaimed by the President on December 17, 1903 (T. D. 24,836).

"The testimony shows that the sugar covered by two of the protests, Nos. 139,779 and 139,780, was withdrawn from bonded warehouse for consumption prior to December 17, 1903. The goods covered by the other protest were not actually removed from bonded warehouse till December 27, 1903, but permits for delivery of the sugar had been issued and filed with the store-keeper not later than October 10, 1903.

"In Hutcheson's Case, G. A. 5,724 (T. D. 25,427), this board has held that the treaty between the United States and the Republic of Cuba referred to in the President's proclamation above cited did not take effect, by its very terms, until its approval by the Congress of the United States, which was on December 17, 1903, and that the treaty could not be construed to have any retrospective operation so as to apply to merchandise imported from Cuba prior to said date. After due consideration we are satisfied with the conclusions reached in that case, and we need add nothing to the reasoning or the authorities there cited, which, in our judgment, fully support the conclusions reached. It is admitted that the importations in question covered by the two first-named protests fall within the terms of that decision, but it is sought to differentiate these protests from those passed on in said decision, by the fact that the liquidation of the entries now under consideration was not made by the collector until after December 17, 1903, which was the day on which the treaty was held by the board to go into effect. In our judgment this fact is entirely immaterial. In Abner Doble Co. v. United States, 119 Fed. 152, 56 C. C. A. 40, it was held by the Circuit Court of Appeals for the Ninth Circuit that the provisions of Act June 22, 1874, c. 391, § 21, 18 Stat. 190 [U. S. Comp. St. 1901, p. 1986], limiting the time within which duties may be reliquidated to one year from the date of entry, in the absence of fraud or protest by the owner or the importer, does not operate to prevent the liquidation of duties on an article at any time after its entry in bond upon or after its withdrawal for consumption, when there has been no previous liquidation. As observed by the court, 'the law does not pre-

scribe the time when the collector shall liquidate the duties. He may liquidate before or after a year after entry. The only limitation upon his action in that regard is that, after once liquidating, he may not, in the absence of fraud or protest by the owner, importer, agent, or consignee, reliquidate after a year from the date of entry.' To the same effect are the following authorities: U. S. v. De Rivera (C. C.) 73 Fed. 679; Gandolfi v. United States, 74 Fed. 549, 20 C. C. A. 652. The board has uniformly followed the principles laid down in these cases. In Hussa's Case, G. A. 4,309 (T. D. 20,350), we observed as follows: 'It is immaterial that the liquidation of the duties was made after the proclamation became operative. This liquidation was nothing more than the decision of the collector as to the rate and amount of duties to which the merchandise was subject under the law. There is and was no law requiring such liquidation to be made within a given time. The time when the decision was made could not, therefore, change this rate or amount, especially in view of the provisions of section 13 of the United States Revised Statutes [U. S. Comp. St. 1901, p. 6], the policy of which is recognized in section 34 of the present tariff act of July 24, 1897, 30 Stat. 213, c. 11 [U. S. Comp. St. 1901, p. 1701], and of sections 72 (28 Stat. 569, c. 349) and 55 (26 Stat. 625, c. 1244), respectively, of the acts of August 27, 1894, and of October 1, 1890, which were designed to 'keep in force every right and liability of the government or of any person which had been incurred or accrued to the passage of the new law or of any change of law pursuant to its provisions. * * * Any other view of the law would lead to the unreasonable and inequitable result, that, where two separate importations of precisely the same kind of merchandise had been made and entered for consumption on the same day, they might be dutiable at different rates by reason of the collector's delay in making his liquidation of one of the entries, or by his purposely giving preference in point of time to the one or the other of the importers in deciding upon the rights of the parties under the law.' This decision was affirmed, on appeal, by Townsend, J., October 20, 1902, Suit 2856.

"Following these decisions, we hold that the goods in question covered by protests 139,779 and 139,780 were properly assessed for duty under the provisions of the tariff act of 1897, without any rebate under the provisions of the treaty with Cuba.

"We reach the same conclusion as to the sugar covered by protest 129,306, on the ground that, the permits for the delivery of the sugar having been issued and filed with the storekeeper prior to the time when the Cuban treaty went into effect, this fact operated as a constructive withdrawal of the goods from bonded warehouse at that time. This precise question was settled by the board in Denby's Case, G. A. 3,294 (T. D. 16,649; Suit 2,327), which decision was subsequently affirmed by the Circuit Court for the Southern District of New York in an unreported decision. The following language was used by the board:

"'We find as a matter of fact that the collector prepared and delivered to the importer a permit for delivery of the merchandise in accordance with the forms prescribed in article 497, Customs Regulations 1892, and that this permit was presented to the storekeeper at the bonded warehouse prior to August 28, 1894, but the merchandise was not actually delivered to the importer, being voluntarily allowed by him to remain in bonded warehouse unremoved from the possession of the storekeeper until after said date. Rev. St. U. S. § 2977 [U. S. Comp. St. 1901, p. 1952.] These facts are substantially admitted to be true in the brief filed with the board by the importer at the hearing of the case.

"'We accordingly find that the merchandise was in legal effect not in customs custody on or after August 28, 1894, but had been constructively delivered to the importer, and was already subject to his control.'

"All the sugar must, therefore, be considered as having been withdrawn from bonded warehouse for consumption prior to December 17, 1903, and was therefore subject to duty under the laws existing at the time of withdrawal by virtue of section 20 of the act of June 10, 1890, as amended by the

act of Congress approved December 15, 1902 (32 Stat. part 1, p. 753.) Mosle v. Bidwell, 130 Fed. 334, 65 C. C. A. 533.

"The protests are all overruled, and the decision of the collector is affirmed."

For the reasons above set forth, we think the board's conclusions are correct.

The decision of the Board of General Appraisers is therefore affirmed.