UNITED STATES v. CALHOUN.

SAME v. BORNN HAT CO.

(District Court, S. D. New York. January 9, 1911.)

1. CUSTOMS DUTIES (§ 80*)—APPRAISEMENT—REAPPRAISEMENT—STATUTES—CONSTRUCTION.

Aldrich Tariff Act Aug. 5. 1909, c. 6, § 28, subsec. 13, 36 Stat. 99 (U. S. Comp. St. Supp. 1909, p. 819), providing that an appraisal of goods by an appraiser shall be final and conclusive against all parties, and shall not be subject to review in any manner for any cause, in any tribunal or

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court, does not exclude a reappraisement previously provided for in the same subsection.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 80.*]

**2. CUSTOMS DUTIES (§ 80*)—IMPORTATION—APPRAISAL—JURISDICTION OF COLLECTOR.**

Tariff Act Aug. 5, 1909, c. 6, § 28, subsec. 13, 36 Stat. 99 (U. S. Comp. St. Supp. 1909, p. 819), provides for the appraisal of imports by an appraiser, and that such appraisal shall be final and conclusive against all parties, and shall not be subject to review in any manner for any cause, in any tribunal or court. Subsection 14 declares that the decision of the collector as to the rate and amount of duty shall be conclusive against all persons interested, and subsection 15 provides for an examination touching any matter which the officer may deem material in respect to any imported merchandise in ascertaining the dutiable value and classification thereof. Act Cong. June 22, 1874, c. 391, § 21, 18 Stat. 190 (U. S. Comp. St. 1901, p. 1986), left unrepealed by the tariff act of 1909, provides that after duties have been liquidated the settlement shall, after the expiration of a year from the time of entry, in the absence of fraud, be final and conclusive on all parties. *Held* that, where imports have been appraised by an appraiser, the collector has no jurisdiction to reappraise the same, and though authorized to institute a proceeding within a year to reliquidate the duties, and to examine the importer as a witness for that purpose, he has no jurisdiction in that proceeding to compel the importer to testify with reference to the value of the goods, and so lay a foundation for reappraisement under the guise of a reliquidation; and this though the original appraisement was induced by fraud.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 80.*]

**3. CUSTOMS DUTIES (§ 80*)—APPRAISEMENT OF IMPORTS—REAPPRAISEMENT—AUTHORITY.**

Under Tariff Act Aug. 5, 1909, c. 6, § 28, subsec. 13, 36 Stat. 99 (U. S. Comp. St. Supp. 1909, p. 819), authorizing a reappraisement of goods entered and appraised for duty, such reappraisement can be conducted only by the appraising officers and not by the collector.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 80.*]

**4. CUSTOMS DUTIES (§ 81*)—PROCEEDINGS—APPEARANCE—DUTY TO APPEAR—SCOPE OF PROCEEDING—JURISDICTION.**

Where a defendant corporation was cited to appear before the collector and produce books and papers for examination in a proceeding which the collector had jurisdiction to institute, it was no excuse for the corporation's disobedience of the collector's order to appear and produce books and papers that the collector intended to extend the proceedings to matters over which he had no jurisdiction.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 81.*]

**5. CUSTOMS DUTIES (§ 81*)—PROCEEDINGS BY COLLECTOR—EXAMINATION OF IMPORTER—PURPOSE—RELIQUIDATION—"VALUE OR CLASSIFICATION."**

Tariff Act Aug. 5, 1909, c. 6, subsec. 13, 36 Stat. 99 (U. S. Comp. St. Supp. 1909, p. 819), provides that an appraiser's appraisal of goods to be imported shall be final and conclusive against all parties, and shall not be subject to review, but authorizes a reappraisement. Subsection 14 declares that the collector's decision as to the rate and the amount of duties shall also be final and conclusive against all persons interested, but Act Cong. June 22, 1874, c. 391, 18 Stat. 190 U. S. Comp. St. 1901, p. 1986), unrepealed, provides that, after the duties have been liquidated, the settlement shall after the expiration of a year from the time of entry, in the absence of fraud, be final and conclusive. Section 28, subsec. 15, provides that the general appraiser and collectors shall examine the importer under oath in any matter or thing which they may deem material respecting any imported merchandise in ascertaining the dutiable "value or classification" thereof. *Held* that, since the words "value or classifi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cation" include both an appraisal and liquidation, it may also include a reliquidation by the collector by proceedings instituted by him within the year, and hence the collector is entitled within that period to institute reliquidation proceedings, in which the importer may be cited for examination, though there can be no reappraisement by him.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 81.*]

6. CUSTOMS DUTIES (§ 81.*)—TARIFF ACT—CONSTRUCTION—RELIQUIDATION—PENALTIES.

The right of a collector to examine an importer in a proceeding for a reliquidation of duties within a year after importation, conferred by Tariff Act Aug. 5, 1909, c. 6, § 28, subsec. 15, 36 Stat. 100 (U. S. Comp. St. Supp. 1909, p. 821), is not limited or affected by the fact that the provision for forfeiture in case of default contained in subsection 16 does not apply to examinations in aid of reliquidation.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 81.*]

7. CUSTOMS DUTIES (§ 81*)—CORPORATION—PRODUCTION OF BOOKS.

Where proceedings were instituted by a collector to reliquidate duties on goods imported by a corporation engaged in business and having books of account, citation was properly issued therein to the corporation directing it to appear in such proceedings and produce its books of account.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 81.*]

Actions by the United States of America against David Calhoun and against the Bornn Hat Company to recover penalties for failure to answer and produce books and papers before a collector of internal revenue. Verdict for plaintiff in the first case, and for the United States in the second.

These are two actions brought under subsection 16 of section 28 of the Aldrich tariff act passed August 5, 1909 (Act Aug. 5, 1909, c. 6, 36 Stat. 100 [U. S. Comp. St. Supp. 1909, p. 821]), providing a penalty of $100 against any person who refuses, when duly cited, to appear and answer and to produce papers before a general appraiser, a board of local appraisers, a local appraiser, or a collector. Subsection 15 of that section provides as follows: "That the general appraisers, or any of them, are hereby authorized to administer oaths, and said general appraisers, the boards of general appraisers, the local appraisers or the collectors, as the case may be, may cite to appear before them, and examine upon oath any owner, importer, agent, consignee, or other person touching any matter or thing which they, or either of them, may deem material respecting any imported merchandise, in ascertaining the dutiable value or classification thereof; and they, or either of them, may require the production of any letters, accounts, or invoices relating to said merchandise, and may require such testimony to be reduced to writing, and when so taken it shall be filed in the office of the collector, and preserved for use or reference until the final decision of the collector or said board of appraisers shall be made respecting the valuation or classification of said merchandise, as the case may be."

Before the issue of this citation, the defendant Calhoun had imported into the United States one shipment of Panama hats. This had been entered in due course, the provisional duties paid, the merchandise surrendered, the appraisement had been made, and the time had passed within which either the collector or the importer could "appeal to reappraisement." No such appeal was taken. Upon the appraisement so made the collector had fixed and liquidated the duties, and those duties had been paid. The same state of facts is true of the defendant Bornn Hat Company, which is a corporation, except that they had previously imported more than one consignment of hats. The Panama hats are being constantly imported into the United States from a number of shippers in South America and the island of Jamaica. This cita-

tion was issued by a collector of customs in the port of New York at the instance of one Wheatley, a special agent of the Treasury Department, who at that time was engaged in a general investigation into the price of such hats at the places of exportation of the same. He had received certain letters which led him to suppose that such shipments were being constantly made at fraudulent valuations, and likewise supposed that the importations of the defendants herein were fraudulent in the same way. The purpose of the special agent was to ascertain the market value of the goods at the places of exportation. Except as this may have constituted it, there was no proceeding pending to reopen the liquidation of the duties paid by either of the defendants, nor to secure a reappraisal. The case was tried before a jury of one and reserved for the consideration of the court.

Addison S. Pratt, Isaac H. Levy, and John N. Boyle, for the United States.

John Giblon Duffy, for defendant Calhoun.

Abram I. Elkus and Donald A. Adams, for defendant Bornn Hat Co.

HAND, District Judge (after stating the facts as above). At the outset it must be noticed that this case does not involve the citation of the defendants here as witnesses in a proceeding for appraisal, reappraisal, liquidation, or reliquidation of the goods of another. The citations expressly limit the proposed examinations respectively to importations made by the defendants themselves. Therefore it is as importers, not as witnesses, that they are summoned.

Subsection 15 of section 28 of the tariff act authorizes the examination touching any matter which the officer may deem material respecting any imported merchandise in ascertaining the dutiable value and classification thereof. As at present located, this subsection follows subsections 13 and 14, which set forth the appraisal of the merchandise and the fixing of the duties. Subsection 13 provides that the appraiser shall make an appraisal of the goods which "shall be finally conclusive against all parties and shall not be subject to review in any manner, for any cause, in any tribunal or court." This, of course, does not exclude the reappraisement previously provided for in the same subsection. Subsection 14 provides likewise that the "decision of the collector as to the rate and amount of duties * * * shall be final and conclusive against all persons interested." There remains unrepealed section 21 of the act of June 22, 1874, which provides that, after duties have been liquidated, the "settlement of duties shall, after the expiration of one year from the time of entry in the absence of fraud, * * * be final and conclusive upon all parties." Act June 22, 1874, c. 391, 18 Stat. 190 (U. S. Comp. St. 1901, p. 1986). Since subsection 14 of section 28, which has been in substantially the same form since before 1874, provides that the liquidation of the collector shall only be final and conclusive upon all parties interested in the goods, the result was that prior to 1874 there had been an unlimited right on the part of the collector to reliquidate at any time he saw fit, but that the importers had no such right. The act of 1874 imposed such a limitation upon the collector, but gave him no new powers. U. S. v. Phelps, 17 Blatchf. 312, Fed. Cas. No. 16,039; U. S. v. Comarota (D. C.) 2 Fed. 145; Neresheimer v. U. S. (C. C.) 131 Fed. 977. The same law seems to be recognized in Gandolfi v.

U. S., 74 Fed. 549, 20 C. C. A. 652; Abner Doble Co. v. U. S., 119 Fed. 152, 56 C. C. A. 40.

It was the collector who issued these citations, and the time had not expired within which his inquiry for reliquidation could have been made. The defendant Calhoun appeared in response to the citation and testified in regard to the classification, thus recognizing the rights of the collector to inquire into a reclassification, but he refused to testify in regard to the value of the goods, asserting that his powers did not include any reappraisal. He therefore raised distinctly the question of whether a citation could issue to review an appraisal, and he might further have raised an issue as to whether the collector from any point of view could take such testimony; he not being the appraising officer under these circumstances.

The position of Calhoun was correct, I think, and the time had passed in which any reappraisal of the goods could take place. The statute is as peremptory as can be, and makes the appraisal conclusive upon all parties, including the collector, and not subject to review in any manner, for any cause, or by any tribunal. No words could be stronger. The right of the collector to liquidate is not affirmatively given anywhere, but is recognized by implication in subsection 14 of section 28 of the present act, in that he is not concluded by his own liquidation and in section 21 of the act of June 22, 1874, in that the right is limited to one year. If the right be supposed to extend to a reappraisal, it is met by three difficulties, each insuperable: First, the collector is not concluded by the appraisement of subsection 13 in the very teeth of the statute; second, the two statutes themselves conflict, since under subsection 13 the conclusiveness is immediate, while under section 21 of the act of 1874 it is such at the end of one year; third, the collector is made an appraising officer, which, when there are appraisers, he is never intended to be, but is indeed intended to be a party before the appraiser. If the construction of the government be sound, a collector need never abide by any appraisal, though he does not appeal, for under the guise of reliquidation he may at once appraise it for himself. Another consequence is that, under such a reliquidation, appeal would lie to the Court of Customs Appeals upon a question of appraisal.

Therefore, from every point of view, even from the very scheme and structure of the whole system, it is apparent that the reliquidation of the collector cannot include a reappraisal, but must proceed upon the basis of the old appraisal. Such authority as there is accords with this view. U. S. v. Morewood (C. C.) 94 Fed. 639. In this case Judge Townsend refused to admit the validity of a change in appraisal made even to correct a clerical error, and the same position was conceded by the government in U. S. v. Thomas Leeming & Co. (C. C.) 153 Fed. 489. General Appraiser Somerville so decided in a lucid opinion in U. S. v. Western Union Telegraph Co., Treasury Decisions, vol. 5, Index No. T. D. 23,601 (G. A. 5,100).

The government insists that a different rule applies in cases in which the appraisal has been procured by fraud. I do not think so.

In case there has been a fraudulent appraisal, the government has the right in subsection 9 of section 28 of the tariff act to sue for the full value of the goods, and it then has all the right to procure evidence which any plaintiff has in a court of law. Moreover, the offense is criminal, and the United States is therefore protected in that way as well. As I have shown, the reason for the collector's right to reliquidate at all is because subsection 14 does not conclude him. U. S. v. Phelps, supra. Section 21 of the act of June 22, 1874, was merely a statute of limitation, and but for the exception as to fraud would have concluded the collector from reliquidating at the end of the year. His right to reappraise did not need any limitation because he never had any such, either to reappraise, or to appraise in the first place, when there were appraisers. The fact of fraud might have reopened the appraisal to the appraising officers; but it did not, for Congress apparently relied upon the other sanctions of the act. It is not as if the United States had no protection. Therefore, even assuming that the collector could issue this citation upon a reliquidation, the scope of his inquiry did not include a reappraisal. If it was not material, Calhoun need not have answered it. U. S. v. Doherty (D. C.) 27 Fed. 730. In Calhoun's case I direct a verdict for the defendant.

The case of the Bornn Hat Company is different, because, though served with the citation, it defaulted altogether. Several questions arise: Was there any power in the collector to hold such an examination at all? Had the time passed for it? Was the fact that the purpose of the collector was to examine as to values a good defense? Was a corporation amenable? Could production of its books and papers be ordered without proof of their materiality? Was there a proceeding pending, and did the defendant have adequate notice of it?

The first question is whether the collector could hold such an examination at all, which question in turn depends upon whether subsection 15 applies to other hearings than appraisals and original liquidations. That question Calhoun avoided; but it is necessary to decide it here, because, if the collector had the power to hold an examination at the time for any purpose, it is clear that the defendant was not excused from attendance, because in fact the collector had in mind a new appraisal. The defendant would have been bound to appear and conform to all lawful directions of the collector. It could only refuse to submit the books at all in case the collector had no right to hold any examination of its books whatever at that time and upon those shipments for any purpose. The undisclosed illegal purpose of a public officer is no answer to a disobedience of his order, if that order be within the scope of his powers at the time. Of course, had he in fact gone into irrelevant matters, then the defendant might have protected itself. U. S. v. Doherty, supra.

The defendant takes the broad position that the collector may not use subsection 15 even upon a reliquidation which does not involve any reappraisal, but that it is clear that that subsection contemplates only appraisal and liquidation, together with the proceedings on appeal in each.

Originally both in section 17 of Act Aug. 30, 1842, c. 270, 5 Stat. 564, and in section 2922 of the Revised Statutes, the examination was expressly limited to "ascertaining the true market value or wholesale price" of the merchandise. Obviously no such examination could be authorized by a collector seeking either to liquidate or reliquidate, if the decision is right in respect to Calhoun. In 1890, under sections 16 and 17 of Act June 10, 1890, c. 407, 26 Stat. 138, 139 (U. S. Comp. St. 1901, p. 1935), the words were changed to the words "value or classification," which include not only an appraisal but a liquidation. Do they include only the original liquidation, or also the reliquidation allowed by implication from the fact that the collector is not under subsection 14 concluded by his own finding, at least for a year? Normally, the examination would be held to be in aid not only of the first liquidation provided under subsection 13, but of any subsequent liquidation, since such a subsequent one must arise from the general power conferred by the words "ascertain, fix and liquidate the rate and amount of the duties to be paid." The defendant raises several objections from the phraseology of subsections 15 and 16: First, they say that since the appraisal must be while the goods remain in custody, and since the subsection clearly contemplates that the examination be in aid of an appraisal, therefore the examination may not be had after the goods are in the commerce of the country. The argument goes too far. It does not follow that, because the examination may be in aid of appraisal or reappraisal, it may not also be in aid of a reliquidation. The appraisal would have to be while the goods were in custody; not so the reliquidation. The classification of the goods, "thereof," may be ascertained in the absence of the goods, though it so happens that the original classification could not be.

Nor is the objection better that the testimony shall be filed until the final decision. There is no indication in the act that that final decision must be before the goods get out of the collector's custody. There is a final decision and an appeal as much in case of a reliquidation as in case of a liquidation. Nothing therefore in that provision contradicts the application of the subsection to a reliquidation.

In subsection 16 it is provided that the appraisement shall be final if the person cited shall fail to appear. There is no provision that the liquidation shall be final. It is an instance of carelessness in drafting the statute in 1890 when the scope of it was changed to an examination in aid of both appraisal and classification from one applicable only to appraisal. However, the argument proves too much, because legitimately carried out it would eliminate the added word "classification," which it cannot do. Whatever may be said of "reliquidation," no one can doubt that the examination may be in aid of the original "liquidation." If so, the penalty of finality is not in any case coextensive with all the examinations possible under the act. But, if there be possible examinations in aid of "liquidation," why not in aid of "reliquidation"? That particular penalty would apply to neither, and, if the argument fails as to one, then it cannot cut out the application of the act to the other.

Finally, subsection 16 concludes with a provision for forfeiture. It is true that this may apply to a default as to examinations in aid of both appraisals and liquidations, but that it cannot apply to examinations in aid of reliquidations. However, it does not follow that the scope of the act must be limited because some of the penalties will not extend to all the cases covered by it. We have just seen that the penalty of finality does not extend to liquidation in any case, and yet that liquidation must be comprehended within subsection 15. This forfeiture provision, like the finality penalty, was coextensive with the whole act till 1890, but the change of that year necessarily enlarged the scope to the general liquidating duties of the collector, and in fact included, as I believe, the second liquidation after the goods were out of custody. The old provisions remained applicable in some parts only to appraisal and in others to appraisals and original liquidations, though to the latter merely by chance up to that time. I believe that the truer interpretation of the intent of Congress is to suppose that the old penalties were left to apply so far as they would go, and that they were not intended to limit the scope of the examination. As I have pointed out, that cannot have been the case as to the penalty of finality. If so, why should the penalty of forfeiture have a different effect?

Therefore I think that the collector had the power to order an examination in aid of a possible reliquidation. The defendant could not safely disregard his citation. As to the corporate entity of the defendant, the point is not good. It could not be sworn, but it alone could produce its books. It was an importer, and a person, and it had books. Those books were open to any legal inspection. The question of whether they would in fact contain anything material or not the defendant had no right to determine for itself. If it had appeared and made evidence of the contents of the books, submitting to be cross-examined as to whether the books were material in fact, perhaps its officers' oaths would be conclusive in analogy with the old rule of inspection in equity. It is not necessary to decide that, but only to decide that a mere assertion now that the collector has not shown that the books were material is not enough to excuse a disregard of the citation altogether.

I direct a verdict for the United States in the case against the Bornn Hat Company.