## PACIFIC CREOSOTING CO. v. UNITED STATES.

### (Circuit Court of Appeals, Ninth Circuit.   May 12, 1912.)

### No. 2,047.

CUSTOMS DUTIES (§ 81*)—LIQUIDATION.

Under Act June 22, 1874, c. 391, § 21, 18 Stat. 190 (U. S. Comp. St. 1901, p. 1986), which provides that when imports shall have been passed free of duty, and that, when duties shall have been liquidated and paid, such passage or settlement shall, after one year, be conclusive, etc., a collector may liquidate duties before or after one year from entry, but, after once liquidating, he cannot, in the absence of fraud or protest, reliquidate after a year from the date of entry.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 197; Dec. Dig. § 81.*]

In Error to the Circuit Court of the United States for the Northern Division of the Western District of Washington.

Action by the United States of America against the Pacific Creosoting Company. Judgment for plaintiff, and defendant brings error. Affirmed.

The government brought this action in the court below, charging in the first count of its complaint that the defendant there (the plaintiff in error here) imported into the United States from London, and on the 3d day of August, 1908, entered at the United States customhouse at the port of Tacoma, state of Washington, 2,181 iron drums containing creosote, and that on November 27, 1909, the entry was duly liquidated by the collector of customs for the district of Puget Sound, and there was found to be due to the plaintiff the sum of $6,567.30 as duties upon the merchandise, which was of the value of $14,594, demand for which duty had been duly made and the payment thereof refused. In its second count the plaintiff alleged that on the 29th of August, 1908, the defendant imported into the United States from London and entered at the United States customhouse at the port of Tacoma 1,000 steel drums and 482 barrels, all containing creosote, and that on November 27, 1909, that entry was duly liquidated by the collector of customs for the district of Puget Sound, and there was found due to the plaintiff the sum of $4,462.65 as duties upon the merchandise, which was of the value of $9,917, and that demand had been duly made for such duty on the defendant, which the defendant refused to pay.

In its answer the defendant denied that the entry of the merchandise mentioned in the first count of the complaint was ever liquidated at any time after September 15, 1908, and denied that there ever was found upon liquidation thereof any duty due thereon, and denies that there ever was any such duty due. The answer further set up by way of affirmative defense that more than one year prior to November 27, 1909, and more than one year prior to the alleged and attempted liquidation referred to in the first count of the complaint, the said drums were entered and were passed free of duty by the collector of customs for the district of Puget Sound, and delivered to the defendant, who was the owner and importer thereof. The answer contained similar denials and a similar affirmative defense in respect to the creosote mentioned in the second count of the complaint. A reply filed by the government put in issue the affirmative averments of the answer. Upon the trial, after the evidence was closed, the court, upon motion of the government's attorney, instructed the jury to return a verdict for the plaintiff, which was done, and the defendant to the action has brought the case here by writ of error.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George E. de Steiguer, of Seattle, Wash., for plaintiff in error.
Elmer E. Todd, U. S. Atty.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge (after stating the facts as above). The defense was based upon this statute of the United States:

"That whenever any goods, wares, and merchandise shall have been entered and passed free of duty, and whenever duties upon any imported goods, wares, and merchandise shall have been liquidated and paid, and such goods, wares, and merchandise shall have been delivered to the owner, importer, agent, or consignee, such entry and passage free of duty and such settlement of duties shall, after the expiration of one year from the time of entry, in the absence of fraud and in the absence of protest by the owner, importer, agent, or consignee, be final and conclusive upon all parties." 18 Stats. L. 190.

The contention on the part of the plaintiff in error is that the merchandise in question was passed free of duty at the time of the respective entries at Tacoma, and that, therefore, the action is barred by the statute just quoted. This the government disputes. Tacoma is a subport at which there is a deputy collector of customs, but the office of the collector is at Port Townsend. The record shows that there is no naval officer in the customs district of Puget Sound. Under such circumstances, the collector is by section 2622 of the Revised Statutes (U. S. Comp. St. 1901, p. 1809) required to execute all of the duties in which the co-operation of a naval officer is otherwise required.

The evidence shows that previous to the entries in question similar merchandise had been admitted free of duty at the port of Port Townsend, and that, when the first of the importations in question was entered at the subport of Tacoma, it was claimed by the importer and recognized by the deputy collector as being entitled to free entry, and was delivered to the importer; that the other and later shipment was also claimed by the importer as entitled to free entry, but was classified by the deputy collector as dutiable, on which the duty had been paid or secured. Without either payment or security, however, that importation was also delivered to the importer. The evidence shows that according to the customs regulations, as well as the practice at the port in question, the liquidation of duties was made, and required to be made, by the collector at Port Townsend; that according to the practice prevailing at the subport of Tacoma, if the imported goods appear to the deputy collector to be entitled to free entry, they are at once delivered to the importer, and, if in the preliminary examination by the deputy and his assistants they seem to be dutiable, they are either held until the duty is paid, or released upon the understanding that it will be paid. Two copies of the statement form of entry are thereupon sent from the office of the subport to the collector's office at Port Townsend (and such the record shows was done in the matter of the entries here in question) for liquidation by that officer. It appears from the evidence that some previous similar importations had been there considered entitled to free entry and had been so admitted, but that the liquidation of these entries

was suspended by the collector at Port Townsend; that finally that officer addressed to the Secretary of the Treasury this letter:

"Office of the Collector of Customs.
"Port of Port Townsend, Wash.

"Port Townsend, Wash., October 26, 1909.
"The Honorable, the Secretary of the Treasury, Division of Customs, Washington, D. C.

"Sir: Inviting the attention of the Department to T. D. 29980, wherein the Board of U. S. General Appraisers decides that iron drums are unusual coverings for creosote oil, I have the honor to request you to advise this office whether the enclosed entries C. E. 81 and 147a, of August, 1908, covering similar merchandise imported at Tacoma, Wash., should be classified and liquidated in accordance with the above decision. These goods are earlier importations and the liquidation of the entries was suspended awaiting the action of the Board of U. S. General Appraisers and advice from the Department whether the board's decision should be treated as retroactive to this extent. If duty is assessed on the drums in question covered by the enclosed entries, it would amount to about $11,500. The question also arises whether there is any limitation upon the liquidation of these entries, the goods having been entered and passed free of duty more than one year ago (Art. 1065, C. R. 1908), although this office is inclined to the opinion that the limitation does not begin to run until after the liquidation of the entry.

"Respectfully,                                    F. C. Harper, Collector."

The evidence shows that, pursuant to instructions, the collector of the port on November 27, 1909, liquidated the duties and ascertained the amounts properly collectible to be those sued for by the plaintiff. The evidence being without substantial conflict, the trial court properly instructed the jury to return a verdict for the plaintiff, which was done. As said by this court in the case of Abner Doble v. United States, 119 Fed. 152, 56 C. C. A. 40:

"The law does not prescribe the time when the collector shall liquidate the duties. He may liquidate before or after a year from entry. The only limitation upon his action in that regard is that, after once liquidating, he may not, in the absence of fraud or protest by the owner, importer, agent, or consignee, reliquidate after a year from the date of entry."

See, also, United States v. De Rivera (C. C.) 73 Fed. 679; Gandolfi v. United States, 74 Fed. 549, 20 C. C. A. 652.

The judgment is affirmed.