STANLEY BULKLEY CO. *v.* UNITED STATES (No. 4197) [1]

---

[1] C. A. D. 43.

United States Court of Customs and Patent Appeals, March 6, 1939

*Lamb & Lerch* (*Thomas J. McKenna* of counsel) for appellant.

*Webster J. Oliver*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *Richard E. FitzGibbon*, special attorney, of counsel), for the United States.

[Oral argument February 10, 1939, by Mr. Lawrence; ]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Third Division.

It appears from the record that certain merchandise (baku hats) was imported into the United States by appellant; that it was entered for consumption April 15, 1930; that the entry was made on behalf of appellant by Gershel & Newman, Inc., a customs house broker; that the broker tendered a check for $485 of one Charles L. King, another importer, who had given it to the broker for the purpose of having it applied on specific entries of his own, as payment of the estimated duties on the merchandise; and that the "auditor's office erroneously accepted this check as payment for Stanley Bulkley Co.'s [appellant's] entry #906098 and stamped the entry with the legend 'Estimated duty paid April 15, 1930.'" Several years thereafter, the exact date not appearing of record, the mistake was discovered, and, pursuant to instructions from the Bureau of Customs issued September 19, 1934, the collector at the port of New York "made appropriate adjustments in his accounts and [appellant's] Entry No. 906098 was treated as not duty paid," and demand was thereafter made on appellant for payment of the duties in question. It further appears that the collector, having in his possession certain funds, to wit, $77.40, belonging to appellant, applied that sum on February 6, 1936, in part payment of the duties which accrued on the entry here involved, and, thereupon, demanded payment of the importer of $407.60, the balance due thereon.

According to appellant's protest dated November 2, 1936, he paid the collector the sum of $407.60 on October 29, 1936, in compliance with a demand therefor made by the collector on September 29, 1936.

It is stated in appellant's protest that—

This protest is based upon your action in collecting the duties on this entry a second time, said duties having been originally paid on or about April 15th, 1930, in the sum of $485.00, following which payment your office acknowledged receipt thereof by stamping upon said entry, the legend "Estimated Duties Paid." Under date of June 17th, 1930, the entry was liquidated "as entered." It is my contention that this decision on the part of your office in accepting the duties and stamping the entry papers, and in neither refunding any portion thereof nor demanding any additional deposit following liquidation binds your office under Section 514 and Section 521 of the Tariff Act of 1922.

Thereafter, the protest was amended to include a demand for the refund of $485.

On the trial below, counsel for appellant introduced in evidence Exhibits 1, 2, and 3.

Exhibit 1 is a letter dated September 29, 1936, addressed to appellant, and signed by H. C. Stuart, assistant collector at the port of New York. It reads:

There is due the Government the sum of $407.60 on Entry No. 906098, covering an importation by you on April 15, 1930.

Unless this claim is paid on or before October 9, 1936, this office will be obliged to refer the matter to the United States Attorney for appropriate action.

Exhibit 2, a letter dated September 5, 1936, addressed to counsel for appellant, and signed by J. H. Moyle, Commissioner of Customs, reads:

Reference is made to your letter dated July 27, 1936, in regard to action by the Collector of Customs at New York, demanding payment of duties which accrued in connection with Entry No. 906098, covering an importation by Stanley Bulkley Company, on or about April 15, 1930.

The records of the Bureau show that the entry was made by Gershel and Newman, Inc., Custom House Brokers; *that the brokers tendered, for payment of the duties which accrued under Entry No. 906098, a check of another importer; that the check bore a notation that it was to be used in payment of duties on certain specified entries; that notwithstanding the notation on the check, it was applied against Entry No. 906098; that thereafter the Collector, upon discovery of the erroneous application of the check,* made appropriate adjustments in his accounts and Entry No. 906098 was treated as not duty paid; and that demand was made upon the importer for payment of the duties on the entry in question. It should be stated that certain refunds due Stanley Bulkley Company have been applied in part satification of the duties which accrued under Entry No. 906098 and that the balance due under that entry is $407.60.

You contend that the importer has paid the duties on the above mentioned entry and that if the demand of the Collector is complied with, the importer will be paying double duties. You also contend that the action of the Collector in demanding payment of the duties at this time is contrary to the provisions of Sections 514 and 521 of the Tariff Act of 1922.

It is the opinion of the Bureau that the Collector's action does not violate the provisions of Sections 514 and/or 521 of the Tariff Act of 1922, *since the Collector is*

*not attacking the liquidation of the entry, nor is he attempting to collect double duties, but is taking steps looking toward the payment of the original estimated duties which were in fact never paid to the Government by the importer.*

The Collector at New York is being instructed to take the necessary action looking to the collection of the duties due if they are not paid within twenty days from this date. [Italics ours.]

Exhibit 3 is a reply by the Collector of Customs at the port of New York to appellant's protest. It reads:

The instant protest is lodged against the *Government's demand for uncollected duty amounting to $485.00 accruing on Consumption Entry 906098.*

The entry in question covered 4 packages of baku hats, the ultimate consignee was Stanley Bulkley Co., and the customs broker acting for the ultimate consignee was Gershel & Newman, Inc.

At the time of entry, the customs broker, Gershel & Newman, acting for the ultimate consignees, *tendered as payment for the duties amounting to $485, a check given by an individual named Chas. L. King who had given his check to be applied to specific entries of his own. The auditor's office erroneously accepted this check as payment for Stanley Bulkley Co.'s entry #906098 and stamped the entry with the legend "Estimated duty paid April 15, 1930."*

Pursuant to Bureau of Customs' instructions, this office was instructed to disregard payments on entries which were not made for the account of Chas. L. King and which were erroneously paid by use of funds belonging to Chas. L. King.

Demand was then made upon Stanley Bulkley Co. for the payment of duty in the sum of $485 on the entry in question. As such demand was not complied with, the entry papers were referred to the U. S. Attorney for the Southern District of N. Y.

Pending suit by the Government, this office, having obtained a refund of $77.40, recalled the papers and applied the said amount on account of the alleged duties due, under date of Feb. 6, 1936. The entry papers were then returned to Mr. John M. Williams, an Officer of the Customs Service, detailed to the U. S. Attorney's office, for further action looking to the collection of the balance of duties due the Government.

Under date of February 18, 1935, a demand was made upon Stanley Bulkley Co. for a payment of the balance due. *Subsequently demands were made for the payment due, and finally, on September 29, 1936, the last demand was made and payment was covered into the Treasury under date of November 4, 1936, in the amount of the balance, $407.60.*

It is respectfully submitted that similar case was tried in the U. S. District Court for the Southern District of N. Y., and involving the same issue, except that the ultimate consignee was the B. Sims Corp. A judgment was obtained by the United States, that included principal, interest, and costs. [Italics ours.]

In its decision, the trial court, in an opinion by Evans, Judge, among other things, said:

*Having established by his own evidence that this duty was paid by a check of another person with funds intended to be applied to this other person's specific entries, we cannot understand how he can make a claim that the demand and payment amounted to an unlawful exaction. The duties were still due from him and were unpaid on September 29, 1936, the date of the collector's demand, and the Government was clearly entitled to retain the amount which he thereafter paid.*

A similar case was before the court in *Hendricks, Collector* v. *Schmidt et al.*, 68 Fed. 425, where the court at page 427 laid down this principle:

To constitute a payment upon that consignment, there must have been an intent on the part of the plaintiffs to pay the duties upon such consignment, and a corresponding intent upon the part of the collector to apply that payment upon the same consignment.

There is a presumption in law that men act with honest intentions and therefore it must be presumed that the importer's broker had no intention of applying his client King's check unlawfully, but that he intended to apply it as per the notation contained thereon, that is, that it was to be used in payment of duties on certain specified entries which did not include this entry. Neither would the Government have any legal right to apply this check in any other manner than as indicated on the face thereof (see Exhibit 2) and it could have done so only through a mistake of fact, and therefore, in a legal sense, there was no meeting of the minds. [Italics ours.]

Although appellant alleged in its protest that it paid duties twice on the merchandise covered by entry 906098, counsel for appellant on the trial of the case affirmatively established that such was not the case, and that the payment of $485, alleged to have been made on April 15, 1930, had not, in fact, been made.

What then is the basis of appellant's claim to a right of recovery from the Government?

Counsel for appellant here argue that entry 906098 was stamped with the legend "Estimated duty paid April 15, 1930," and that the action of the collector of September 29, 1936, demanding payment of appellant is an attempted reliquidation of that entry; that the original liquidation, June 17, 1930, became final and conclusive upon all parties within one year from the date of entry, April 15, 1930, by virtue of the provisions of sections 514 and 521 of the Tariff Act of 1922; that the original liquidation amounted to a finding by the collector that the estimated duties had been paid and were in his possession; that his liquidation was presumptively correct; that upon the expiration of one year from the date of entry, the presumption of correctness became a conclusive presumption against all parties; and that the collector's liquidation is—

presumptive evidence that the full amount of duties was on deposit and that the receipt given at the time of entry was a true and correct record of what was paid at that time. No other conclusion is possible because had not the full amount of estimated duties been deposited at the time of entry the entry would have been regarded as incomplete and the goods sent to bonded warehouse or to public stores under Section 490 of the Tariff Act of 1922, and Article 274 of the Customs Regulations.

*Hence the payment of estimated duties at the time of entry, the issuance by the Collector of a receipt therefor, and the affirmance of these two essentials by the Collector upon liquidation became by the lapse of those periods of time* mentioned in Section 514 [sixty days after liquidation] and Section 521 [after the expiration of one year from the date of entry in the absence of fraud and in the absence of the filing of a protest], *Supra,* incontrovertible facts. [Italics ours.]

In support of their contention, counsel cite the cases of *United States* v. *Phelps et al.*, 27 Fed. Cas. 521; *United States* v. *Fox et al.*, 53 Fed. 531; *Gallagher & Ascher* v. *United States*, 21 C. C. P. A. (Customs) 313, T. D. 46832.

Sections 514 and 521 of the Tariff Act of 1922 read:

SEC. 514. PROTEST.—All decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs revenue laws, *and his liquidation of any entry*, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation when liquidation is made more than ten months after the date of entry, *shall be final and conclusive upon all persons*, unless the importer, consignee, or agent of the person *paying such charge or exaction*, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation or decision, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, or decision, the reasons for the objection thereto, *and if the merchandise is entered for consumption shall pay the full amount of duties, charges, and exactions ascertained to be due thereon*. Under such rules as the Board of General Appraisers may prescribe, and in its discretion, a protest may be amended at any time prior to the first docket call thereof. [Italics ours.]

SEC. 521. RELIQUIDATION OF DUTIES.—Whenever any merchandise has been entered and passed free of duty, *and whenever duties upon any imported merchandise have been liquidated and paid, and the merchandise has been delivered to the consignee, or his agent*, such entry and passage free of duty *and such settlement of duties shall*, after the expiration of one year from the date of entry, or after the expiration of sixty days after the date of liquidation when liquidation is made more than ten months after the date of entry, in the absence of fraud and in the absence of protest by the consignee, or his agent, or by an American manufacturer, producer, or wholesaler, *be final and conclusive upon all parties*. If the collector finds probable cause to believe there is fraud in the case, he may reliquidate within two years after the date of entry, or after the date of liquidation when liquidation is made more than ten months after the date of entry. [Italics ours.]

It will be observed that section 521, *supra*, provides that "whenever duties upon any imported merchandise have been liquidated *and paid*," and the merchandise has been delivered to the importer or his agent "*such settlement of duties shall*, after the expiration of one year from the date of entry * * *, be final and conclusive upon all parties."— [italics ours].

The provisions of section 514, *supra*, also require the *payment* of duties.

We think it is clear that the statute of limitations does not commence to run against the Government until the duties assessed against imported merchandise have been paid and the merchandise has been delivered to the consignee or his agent, and that it is "such settlement

of duties" which shall "be final and conclusive upon all parties" after the "expiration of one year from the date of entry, or after the expiration of sixty days after the date of liquidation when liquidation is made more than ten months after the date of entry" in the absence of fraud or the filing of a protest. See *United States* v. *Phelps et al., supra.*

It is true, as argued by counsel for appellant, that the entry was stamped with the legend "Estimated duty paid April 15, 1930," and that the entry so stamped may, for the purpose of this case, be considered as in the nature of a receipt and *prima facie* evidence of the payment of the estimated duties on the date indicated. Such receipt is not contractual in nature, however, and is not conclusive evidence of such payment, but may be contradicted by evidence clearly establishing that the money receipted for was not, in fact, paid, and that the legend was stamped on the entry by mistake by one who was laboring under a misapprehension of the facts. See 22 C. J. §§1520 to 1525, inclusive, pp. 1137 to 1140, inclusive, and cases cited in footnotes.

We find nothing in the cases of *United States* v. *Fox et al., supra,* and *Gallagher & Ascher* v. *United States, supra,* cited by counsel for appellant, contrary to the views herein expressed.

It having been affirmatively established on the trial that the legend "Estimated duty paid April 15, 1930" was stamped on the entry through a misapprehension of the facts, and that the money receipted for was not, in fact, paid on that date, we must hold that there was no settlement of duties within the meaning of the provisions of section 521, *supra*, at that time.

It clearly appears from the record that the involved duties were not fully paid until October 29, 1936. We find no merit, therefore, in the claims here presented by counsel for appellant.

Had it been established on the trial that the estimated duties were actually paid in April 1930, a different issue would be presented.

For the reasons stated, the judgment is *affirmed.*